J. B. Boone et al. v. First National Bank of Waxahachie et al.

Delivered November 13, 1897.

**Leasehold Interest Not Subject to Execution.**

A leasehold interest under a lease making the lessee's right to sublet conditional upon the lessor's permission, or giving him permission to sublet to a responsible party, thus reposing a personal trust in him, is not, under the statute, subject to attachment or execution against the lessor, and the levy of an attachment thereon can not be upheld by virtue of the lessor's consent to have the leasehold subjected to the debt.

Appeal from Ellis. Tried below before Hon. J. E. Dillard.

*Templeton & Harding*, for appellants.—1. Under the laws of this State a leasehold in real estate, where the owner of the property has not by contract waived his right of subletting, is not subject to levy of attachment or execution, and hence can not be reached by any process of the court. Moser v. Tucker, 87 Texas, 94; Machine Co. v. Atkison, 75 Texas,

330, 458; Barclay v. Smith, 47 Am. Rep., 437; Holliday v. Achle (Mo.),
12 S. W. Rep., 797; Carter Bros. v. Hightower, 79 Texas, 135, 29.

2.   If the purchaser of a leasehold under execution sale can not acquire
a good title by reason of restrictions and limitations surrounding the
leasehold, the same force of logic would deny that the purchaser from a
receiver could get a good title, and thereby accomplish a thing indirectly
that could not be accomplished directly; hence we submit that the ap-
pointment of a receiver to take charge of and sublet the leaseholds of
J. B. Boone is without authority and void. Cohn v. Johnson, 86 Texas,
571; 33 S. W. Rep., 1000; 44 N. E. Rep., 585; 2 Freem. on Ex., secs. 117,
119; 79 Texas, 135.

*Sherrod & Singleton* and *Groce & Skinner,* for appellees.—The lease-
hold interests of J. B. Boone in the property attached were unquestion-
ably property, and such as under bankrupt laws, or a voluntary assign-
ment for the benefit of creditors, would have passed to an assignee if not
specifically exempt by positive law—that is to say, such leaseholds were
property liable for the debts of the owner, if not exempt by positive law.
In re Ketchum, 1 Fed. Rep., 840; In re Warder, 15 Fed. Rep., 789; Powell
v. Waldron, 89 N. Y., 593; Medina Temple Co. v. Curry, 162 Ill., 441;
Crouse v. Frothingham, 97 N. Y., 112.

BOOKHOUT, Associate Justice.—This is a suit instituted by the
First National Bank of Waxahachie and the Masonic Temple Association
against J. B. Boone, Sarah J. Boone, M. B. Templeton, and I. H. Evans,
for an injunction and the appointment of a receiver. The defendants
appeared and answered, and upon the preliminary hearing the court, in
chambers, granted the writ of injunction prayed for and appointed a
receiver, from which interlocutory order appointing a receiver the de-
fendants have appealed to this court. The material facts are set out in
the opinion, and it is not deemed necessary to state them more fully here.

Appellants' first assignment of error reads as follows: "The receiver
in this case was appointed, as shown by the record and the petition and
affidavit annexed of plaintiffs below, over the answer made by defendants
below.  The court erred in making the appointment of a receiver and
directing him to take charge of the leaseholds, because it is shown by the
allegations of plaintiffs' petition that the leaseholds of J. B. Boone are
not properly subject to execution, nor subject to sale for the payment of
plaintiffs' debts, it being shown by the allegations of plaintiffs' petition
that J. B. Boone was and is the lessee of the store building from the
Masonic Temple Association for a term of five years, expiring December
31, 1898, and that said store building can not be sublet without the con-
sent of said Masonic Temple Association, and that the Masonic Temple
Association has already refused to allow said Boone to sublet it; and it
being shown that J. B. Boone is a lessee from M. B. Templeton of an
adjoined store building under a similar lease, and that both of said lease-
holds are subject to the statutory provision as to subletting, and that said

leaseholds are not subject to the processes of the court, and no valid lien thereon can be acquired by levy of attachment and execution, and no valid sale thereof can be made by any order of the court."

Under this assignment appellants submit the following proposition: "Under the laws of this state a leasehold in real estate, where the owner of the property has not by contract waived his right of subletting, is not subject to levy of attachment or execution, and hence can not be reached by any process of the court."

In 1893, J. B. Boone entered into a written contract with the Masonic Temple Association, in which said association leased to J. B. Boone a store building in the town of Waxahachie for the term of five years, ending December 31, 1898, for the consideration of $7500, to be paid in monthly installments of $125 each. By the terms of the lease Boone was given the privilege of subletting said premises to any responsible party in the same line of business, provided the same was agreeable to the Masonic Temple Association. In the year 1893, Boone entered into a similar lease with M. B. Templeton for a store room adjoining the one rented by him from the Masonic Temple Association, for the consideration of $6000, payable in monthly installments of $100 each. By the terms of this lease Boone was given the privilege of subletting the premises to any responsible party in the same line of business, or in any line of business agreeable to the lessor. Boone entered into possession of said premises by virtue of said leases as a tenant of the respective parties, conducting and carrying on a mercantile business therein until July 28, 1897, at which time, having become insolvent, he executed a chattel mortgage conveying his entire stock of goods to T. M. Holland, as trustee, for the payment of certain preferred debts. By the terms of said chattel mortgage the trustee was instructed to pay the balance due the Masonic Temple Association and M. B. Templeton on their respective lease contracts for the whole of the unexpired term of said leases, ending December 31, 1898.

In August, 1897, the trustee sold the stock of goods, and, in accordance with the terms of the chattel mortgage, paid the Masonic Temple Association and M. B. Templeton the entire rent stipulated in their leases for the entire term ending December 31, 1898. The chattel mortgage executed by Boone did not purport to convey the leasehold estates.

On August 16, 1897, J. B. Boone being indebted to the First National Bank of Waxahachie in the sum of $3000, evidenced by his promissory note dated July 1, 1897, and maturing November 1, 1897, said bank instituted suit thereon in the District Court of Ellis County, and in said suit caused a writ of attachment to issue and had the same levied upon the leasehold estates of said J. B. Boone in said buildings. Said First National Bank and the Masonic Temple Association brought this suit against J. B. Boone, Sarah J. Boone, I. H. Evans, and M. B. Templeton, in which the bank set up Boone's indebtedness, the leases made to Boone by Templeton and the Masonic Temple Association, the making of the chattel mortgage by Boone to Holland, trustee, the sale of the property

by the trustee, payment of the landlords by the trustee of the rent for the unexpired term of the leases, the insolvency of Boone, and that the only property he had was the leasehold estates in the property set out in the leases. The bank also set up its suit against Boone and the suing out of the writ of attachment and its levy upon the leasehold estates, and that it had acquired a lien thereon. It was further alleged, that Boone had abandoned his business and assumed to sublet the premises described in the leases to his mother, Sarah J. Boone, who is not engaged in any business, and that the premises were being advertised for rent.

The Masonic Temple Association alleged that it did not consent that Boone could sublet the premises to his mother; and further alleged it feared the premises would be let to some party who would injure the same.

It is contended by appellants that J. B. Boone has no such estate in the rented premises by virtue of said leases as could be sold under execution, and therefore no lien could be created thereon by levy of a writ of attachment.

It is contended by appellee that the Masonic Temple Association and M. B. Templeton, having received their rents for the entire term of their leases, are and ought to be estopped from preventing the interest of J. B. Boone in said leasehold estates from being subjected to the payment of Boone's debts. Appellee further contends that, by the terms of the lease from Templeton, Boone has the unqualified right to sublet the premises embraced in that lease to any responsible party in the same line of business, or in any line of business agreeable to the lessor .

It is admitted both by appellants and appellees that the paramount issue in the case is whether the levy of the writ of attachment upon the leasehold estates of J. B. Boone created a lien thereon. If the levy did not create a lien, then the court was without authority to appoint a receiver. Carter Bros. v. Hightower, 79 Texas, 135.

The lease from the Masonic Temple Association gave permission to the tenant Boone "to sublet to any responsible party in the same line of business, provided the same is agreeable to the association." The lease may as well have said that the tenant should not sublet the premises without the permission of the landlord. By the terms of this lease the tenant could not sublet, even in the same line of business, without the consent of the landlord.

The Templeton lease stipulated that J. B. Boone should have the privilege "of subletting the premises to any responsible party in the same line of business, or in any line of business agreeable to the lessor." The appellees contend that this lease gives unqualified permission to sublet the premises to any responsible party in the same line of business, and to that extent confers an unqualified estate upon the tenant, which is subject to levy and execution.

It is insisted by the appellants that the permission given in the lease from Templeton to J. B. Boone to sublet to any responsible party in the same line of business was a limitation and personal trust reposed in

Boone, and would not authorize any other person to perform such trust. That while the landlord might be willing to extend this privilege and trust to Boone, yet he would not be willing to extend it to a court or any officer appointed by the court. In the case of Boone v. Miller, 86 Texas, 80, the court held a sale under a trust deed void because the deed of trust authorized the trustee to advertise and sell the property at the request of J. N. Upton, to whom the note which the deed of trust was executed to secure was payable. Upton had transferred the note, and it finally became the property of Miller. The note not being paid at maturity, Miller requested the trustee to foreclose, which he did, and Miller became the purchaser of the property. In a suit between Miller and the purchasers of the property under execution against the maker of the trust deed, the deed to Miller was held to convey no title. In that case Associate Justice Brown, speaking for the court, says: "There is no provision for the sale to be made at the request of the holder of the note, which is common in such instruments, and the fact that such provision is omitted goes far to strengthen the conclusion that the purpose was to confide the authority to put the power of sale in actual operation to Upton alone. It may be that Reiger was willing to trust to Upton, believing that he would not direct the sale under improper circumstances, but no matter what the reason may have been, Reiger had the right to impose the limitation and the court has no power to disregard it."

So in the case at bar, Templeton may have been willing to trust Boone to select a subtenant for him, and trust to Boone's judgment in so selecting and saying who was responsible, and yet not be willing to trust another to perform these duties. We think that permission to Boone "to sublet to any responsible party in the same line of business" was a personal trust reposed by Templeton in Boone, and neither Boone nor the court could confer this power on any other person, nor could the same be performed by any other person without the consent of Templeton.

We construe the leases as not granting to the tenant a general power of subletting to other parties. Did Boone have such property in these leaseholds as could be seized upon by the levy of a writ of attachment? The statute referring to the character of property upon which a writ of attachment may be levied reads: "The writ of attachment may be levied on such property, and none other, as is or may be by law subject to levy under the writ of execution." Rev. Stats., art. 200.

As to what property may be levied upon by execution is often a difficult matter to determine. In the case of Moser v. Tucker, 87 Texas, 94, an insolvent tenant had conveyed his leasehold estate in certain real estate to third parties with intent to hinder, delay, and defraud his creditors. In a suit brought by a judgment creditor to set aside the transfer and have the rents collected paid into the court, the Supreme Court held: "That ordinarily a person who has leased real estate for a fixed term has an estate subject to execution, but under the statutes of Texas,

Vol. XVII. Civil — 24

in the absence of a contract permitting the assignment or subletting of the leased premises, a lessee can not pass to another the premises for the whole or a part of a term." Again, it is said: "No property or interest in property is subject to sale under execution or like process unless the debtor, if sui juris, has power to pass title to such property or interest in property by his own act."

But it is contended by appellees that although the property may not be subject to sale under execution, yet the property not being exempt by statute, the levy created a lien thereon, and equity will interfere in behalf of the creditor and aid in the enforcement of the lien.

The lien created by the levy of a writ of attachment is purely statutory. The statute provides that the lien shall be foreclosed as in case of other liens. Rev. Stats., art. 214. The statutes of this State provide that "judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages, and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and that an order of sale shall issue to the sheriff or any constable of the county where such property may be, directing him to seize and sell the same as under execution." Rev. Stats., art. 1340.

It will be seen that the object of the levy of a writ of attachment is to create a lien in contemplation of having the same foreclosed and the property sold as under execution. If the property be perishable and has not been claimed or replevied, the judge or justice out of whose court the writ issued may, either in term time or in vacation, order the same to be sold. Rev. Stats., art. 205. But then it is sold as under execution. Art. 207.

From the foregoing, we conclude that the property upon which the writ of attachment was levied was not subject to sale as under execution, and that the levy of the writ thereon did not create a lien.

Again, it is contended by appellees that the Masonic Temple Association has expressed a willingness to have any interest of J. B. Boone in the property leased from it subjected to the payment of his debts. The right of plaintiff in the court below to have this leasehold subjected to its debt must depend upon the capacity of Boone to assign the term, and not on the right conferred on the court or the receiver by the consent of the landlord. Such consent would create a new contract between them.

The judgment of the court below in granting an injunction and appointing a receiver was error, for which the judgment is hereby reversed and the cause remanded, and the District Court instructed to enter an order dissolving the writ of injunction and discharging the receiver, and that he restore possession of the property to the party from whom he received it.

*Reversed.*

Justice RAINEY did not sit in this case.

### ON MOTION FOR REHEARING.

Delivered December 4, 1897.

BOOKHOUT, ASSOCIATE JUSTICE.—The appellants having filed a motion to reform the judgment entered in this cause on November 13, 1897, said motion is hereby sustained.

It is now ordered that the order of the District Court appointing a receiver be and is hereby revoked and annulled, and the receiver discharged, and he is hereby directed to restore the property to the appellant J. B. Boone, together with such rents as the receiver has collected.

And our attention having been called to the fact that the injunction dissolved by our said judgment was granted at a different time from the order appointing a receiver, and is an independent proceeding not properly involved in this appeal, that part of said judgment dissolving said injunction is hereby set aside; and said judgment in all other respects will stand.

*Judgment reformed.*