A. HARRIS & CO., Inc., v. CAMPBELL.* (No. 7563.)

(Court of Civil Appeals of Texas. Dallas. May 27, 1916. Rehearing Denied June 24, 1916.)

1. LANDLORD AND TENANT ⬨79(2)—PROVISION FOR SUBLETTING—BREACH—PARTIES.

Where a partnership leased premises under a lease stipulating that the lessee might sublet the premises upon the lessor's written consent, and the partnership subsequently incorporated under the same name, without notice of the change to the lessor or his consent to the assignment of the lease by the partnership to the corporation, there was no such privity to the lease contract as entitled the corporation to sue for damages from the lessor's refusal to allow a subletting.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 249, 250; Dec. Dig. ⬨79(2).]

2. LANDLORD AND TENANT ⬨76(4)—PROVISION FOR SUBLETTING—BREACH—SUFFICIENCY OF EVIDENCE.

In a lessee's action for damages from the lessor's refusal to consent to a subletting for an unexpired term, evidence held to sustain a finding that the lessor did not wrongfully, arbitrarily, and without cause refuse to consent to the occupancy of the premises by the subtenant, either as assignee of the lease or as subtenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 229; Dec. Dig. ⬨76(4).]

3. WITNESSES ⬨410 — EXAMINATION — IMPEACHMENT.

In a lessee's action for damages from the lessor's wrongful refusal to consent to a subletting, where the cross-examination of the defendant showed an attempt to discredit his testimony, testimony, corroborating the defendant's statement that if the lessee would turn over the premises he would release him, was admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1284; Dec. Dig. ⬨410.]

4. WITNESSES ⬨361(1) — IMPEACHMENT — REPUTATION.

In such action, where the lessee attempted to impeach the lessor's credibility and standing as a man of integrity, testimony that a witness had known the lessor for 35 years, that he had always promptly paid his debts and had a good reputation for truth and fair dealing, was admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1167, 1171–1175; Dec. Dig. ⬨361(1).]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by A. Harris & Co., Incorporated, against A. W. Campbell. Judgment for defendant, and plaintiff appeals. Affirmed.

Cockrell, Gray & McBride and Henry P. Edwards, all of Dallas, for appellant. John L. Terrell, of Dallas, for appellee.

RAINEY, C. J. A. Harris & Co., Incorporated, brought this suit against A. W. Campbell to recover $4,900 for the period from November 17, 1913, to July 1, 1914, alleging that A. Harris & Co., a copartnership, and the predecessor of A. Harris & Co., Incorporated, had a five-year lease contract as lessee with said Campbell as lessor of a certain building in Dallas, Tex., which lease contained a stipulation that the "lessees shall have the right to sublet said premises, provided lessor has no objections to sublessees, which must be evidenced by the written consent of the said lessor"; that said lessee on November 17, 1913, vacated said premises and sought to sublet same to one D. T. Dewell and others, but Campbell refused arbitrarily and without cause to allow subletting; that appellants could have gotten $700 per month for the unexpired term, the period mentioned.

Appellee answered by general demurrer and denial and specially that A. Harris & Co., the partnership, was succeeded in business by A. Harris & Co., a corporation, to which the lease was transferred, which transfer was not known to appellee, nor did he know of such corporation until after the expiration of said lease contract. That as soon as appellee knew of the lessees' intention to vacate the premises he offered to take the premises off the lessees' hands and release

them from said contract for the remainder of the term, but said offer was declined and refused. That there was no privity of contract or estate between plaintiff and defendant that would entitle plaintiff to recover, and that appellant closed the doors but kept it occupied until ten days after the lease had expired, and not until then did appellant offer to surrender possession of said premises to appellee.

The case was submitted to the court without a jury and judgment rendered in favor of appellee, from which this appeal is taken.

[1] We are met at the threshold of this case with a counterproposition of appellee which attacks the right of appellant to maintain its suit, said proposition being as follows:

"In this case, even though the original lessee in the lease contract, a partnership, has the right of action such as is here brought, the assignee of such lessee, a corporation, has no such right of action growing out of the lease contract to which it is not a party."

The facts are that appellee leased to A. Harris & Co., a copartnership, the premises in question for the term of five years. After entering into said contract said A. Harris & Co., a copartnership, entered into an incorporation which succeeded the partnership and continued to occupy the said premises, and conducted a similar business as the copartnership did. Neither said corporation nor the copartnership ever notified Campbell of such change. Nor did he ever know of such incorporation until the expiration of said lease; nor did Campbell ever give his consent or agree to the assignment of said lease by the copartnership to the corporation, therefore there was no such privity to the lease contract as entitled the corporation to sue for the damages sought to be recovered by it. Boone v. Bank, 17 Tex. Civ. App. 365, 43 S. W. 594; Mayer v. Templeton, 53 S. W. 68; Menger v. Ward, 87 Tex. 622, 30 S. W. 853; Morrow & Allen v. Camp, 101 S. W. 819; Brown v. Pope, 27 Tex. Civ. App. 225, 65 S. W. 42; Rose v. Riddle, 3 Willson, Civ. Cas. Ct. App. 299; Rees v. Andrews, 169 Mo. 177, 69 S. W. 4; 24 Cyc. 969.

[2] Appellant urges that under the contract of lease it had the right to sublet the premises, provided the lessor had no objection to the sublessee. That it procured an unobjectionable tenant and offered him to Campbell, but Campell arbitrarily, and without just cause or reason, refused and declined to accept such subtenant, whereby appellant was damaged in the amount claimed.

The contract of lease between the lessor and A. Harris & Co., a copartnership, reads:

"The lessees shall have the right to sublet said premises, provided lessor have (has) no objection to sublessees, which must be evidenced by the written consent of the said lessor."

When Kramer, the president of the corporation, approached Campbell and asked his consent for the subletting to one party, the lease lacked about six months of expiring.

Campbell refused to sublet for a short term to any one. Campbell testified:

"In relation to the conversation with reference to one called Dewell, one of the firm came up to me * * * and told me they had a man they wanted to put in there with a stock of goods, and I asked him the character of goods that he wanted to put in, and he said about the same as they had been carrying, and I asked him if he would make a permanent tenant, and the answer was, 'No, I don't think so.' He said, 'He is coming from Oklahoma,' or would ship his goods down here from Oklahoma, and left the impression on me he was coming down here merely to put on a quick sale, or to occupy the building temporarily. I told him, so far as I am concerned, I will not give my written consent. We discussed it at more length, but that is the essence of it. They did not tell me the name of the man; his financial ability or responsibility wasn't discussed; they didn't offer to tell me. * * * He said they were shipping or bringing a stock of goods from Oklahoma here to Dallas to put on a sale. What is meant by putting on a sale, if I understand it, is to bring a stock of goods and put it on sale and sell as quick as you can dispose of it. * * * They did not tell me they had some written contract with Dewell. * * * I don't know that I ever heard his (Dewell's) name until after this suit was brought."

Under all the testimony introduced, the trial court found that appellee did not "wrongfully, arbitrarily, or without cause refuse to consent to, or allow or permit, D. T. Dewell or any other person to occupy the leased premises, either as assignee of the lease or as subtenant of plaintiff." The evidence fully warranted this finding and we hold in accordance therewith. Fisher v. Oil Co., 178 S. W. 905.

[3] Appellant assigns as error the admission of the testimony of Harry Kahn "that he had had a conversation with the defendant, Campbell, in about April, 1913, in which the defendant Campbell had stated to him that he had asked Kramer, plaintiff's president, to turn over to him (Campbell) the leased building, and that he would release the plaintiff from the lease, and that the said Kramer had refused such offer," and submits this proposition:

"Where there is a sharp conflict between plaintiff's witness (Kramer) and defendant (Campbell) on a given point, it is error for the court to permit the defendant to support his testimony by introducing his self-serving statement as made to a third person."

Appellant reserved a bill of exceptions, which was approved by the court with the following qualification:

"The defendant, while testifying in his own behalf, was cross-examined by plaintiff's counsel and, on such cross-examination, had been asked and had answered questions as follows, to wit:

"Q. You so told his honor; that happened back in 1913? A. Yes, sir; in 1913. Q. Who else have you ever told that fact? To whom have you ever mentioned that you made any such proposition? A. As to that I could not tell you. Q. That happened about two years ago or more, this last April, didn't it? A. Yes, sir; April, 1913. Q. Can you name any person in that period of time to whom you have repeated or stated the fact that you made that proposition to Mr. Kramer? A. I believe I can. Q. Give his name? A. Harry Kahn. Q. Who is it? A. Harry Kahn. Q. When did you make

that statement to him? A. I could not tell you, because he was very much interested, understand, in getting me a certain tenant. Q. About when did you make that statement to Mr. Harry Kahn? A. I think shortly after I made the proposition to take the building. Q. Shortly after you made the proposition to take the building, you told Harry Kahn that you made it? A. Yes, sir. Q. Do you recall any other person to whom you repeated that fact? A. Not at this time."

These questions show an attempt on the part of appellant to discredit the testimony of Campbell; and we think the testimony of Kahn, corroborating the statement of Campbell, was legitimate under the circumstances.

[4] We also think the testimony of W. J. Kain was legitimate, which testimony was to the effect "that he had known the defendant Campbell for 35 years, and knew that he had always promptly paid his debts during that time, and that the character or reputation of the defendant for honesty and fair dealing and truth and veracity was good." The proposition by appellant is that it is "error for the court to permit such testimony as reflected in the assignment, to the good standing as indicated in the assignment of the defendant, who resides at the seat of the trial, and whose testimony has not been directly impeached."

The trial court approved the bill of exception with the following explanation:

"The defendant, while testifying in his own behalf, was cross-examined by plaintiff's counsel and on such cross-examination had been asked and had answered questions as follows, to wit."

Without here quoting the questions and answers, we will state that we think the questions asked by the appellant were an attempt to impeach the credibility and standing of Campbell as a man for honesty, etc., which rendered the testimony of Kain admissible, and there was no error in its admission.

The court filed its conclusions of fact, to which there are several assignments presented; but we have fully considered the evidence adduced, and we find the court's conclusions correct and here adopt them as the conclusions of this court.

About the time appellant was considering the subletting of the premises, Campbell proposed to take the building off of its hands and release it from the payment of rents for the unexpired term, as he had a man to whom he could rent it. Kramer inquired the name of the party. Campbell refused to tell and Kramer declined to surrender the lease for fear the party might engage in a competing business with A. Harris & Co., the corporation, and kept the premises occupied with fixtures, etc., until about ten days after the expiration of the lease contract.

Finding no error in the record and believing that justice has been reached, the judgment of the lower court is affirmed.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.