12        APPELLATE COURTS OF ILLINOIS.

Millers Mut. Cas. Co. v. Ins. Ex. Bldg. Corp. et al., 218 Ill. App. 12.

## Millers Mutual Casualty Company, Appellant, v. Insurance Exchange Building Corporation and Napoleon Picard, Appellees.

### Gen. No. 25,092.

1. LANDLORD AND TENANT, § 427*—*what is nature of action for interference with right to sublet.* An action brought by the lessee of premises to recover damages against the lessors in which the declaration alleges that defendants arbitrarily, wrongfully, etc., interfered with the right claimed by plaintiff to sublet the demised premises to a third person, is based upon the lease, whether viewed as an action on the contract or for a tort.

2. LANDLORD AND TENANT, § 427*—*what is nature of action for interference with right to sublet.* Where a lease authorizes plaintiff to sublet the demised premises provided the proposed sublessee is in all respects satisfactory to the lessors, a declaration in an action by the lessee against the lessors which charges that defendants arbitrarily, wrongfully, wilfully and maliciously interfered with and obstructed the performance of a proposed contract for subleasing the premises between plaintiff and a proposed sublessee does not show facts amounting to an actionable tort where it appears from the face of the declaration that defendants' wrongful act consisted only in their declaration to plaintiff that they would not permit him to sublet any part of the premises to the proposed lessee and it appears from plaintiff's declaration that defendants had a right to refuse their consent to a sublease.

3. PROPERTY, § 24½*—*right to acquire property.* The right to acquire property resides in every man, and an unlawful interference with this right may constitute an actionable wrong.

4. LANDLORD AND TENANT, § 427*—*when refusal of subleasing does not constitute actionable wrong.* The mere fact that one whom a lessor declines to accept as sublessee, under a clause in the lease authorizing the lessee to sublet provided the proposed sublessee is satisfactory in all respects to the lessor, is, at the time of such refusal, a tenant of the lessor does not show that such refusal was, as against the lessee, an actionable wrong.

5. ACTION, § 7*—*when malice does not give rise to cause of action.* That one's act was actuated by malice does not give rise to a cause of action against him if his conduct was not legally wrongful.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Millers Mut. Cas. Co. v. Ins. Ex. Bldg. Corp. et al., 218 Ill. App. 12.

6. LANDLORD AND TENANT, § 428*—*how provision of lease concerning subletting is construed.* A provision in a lease that the lessee may sublet the demised premises or any part thereof provided the proposed sublessee is in all respects satisfactory to the lessor is not to be construed in the same manner as contracts for mechanical services and the like, but confers upon the lessor the right to refuse to accept a sublessee for any reason satisfactory to the lessor.

7. LANDLORD AND TENANT, § 428*—*how particular term as to subletting is construed.* As employed in the provision of a lease authorizing the lessee to sublet, provided the sublessee is in all respects satisfactory to the lessor, the term "satisfactory" does not mean what would satisfy the mind of a reasonable man.

8. LANDLORD AND TENANT, § 428*—*how provision of lease against subletting is construed.* A covenant in a lease not to assign or sublet the premises is to be strictly construed.

9. LANDLORD AND TENANT, § 427*—*what is effect of allegations as to subleasing to "satisfactory" tenant.* In an action by a lessee against a lessor to recover damages for defendant's interference with a contract by plaintiff to sublet a part of the demised premises, the lease authorizing the lessee to sublet provided the proposed sublessee is in all respects satisfactory to the lessor, an allegation that the proposed sublessee will be satisfactory because he is at the time a tenant in the building does not amount to an allegation that such sublessee is satisfactory to the lessor.

10. LANDLORD AND TENANT, § 427*—*when landlord is chargeable with agent's refusal to permit subleasing.* If, in refusing to permit a tenant to sublease, the one so refusing acted as agent of the lessor, his conduct, if wrongful, is chargeable to his principal.

Appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed April 12, 1920.

SAMUEL A. HARPER, for appellant.

PAM & HURD, for appellees; BURRELL J. CRAMER, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

14    APPELLATE COURTS OF ILLINOIS.

Millers Mut. Cas. Co. v. Ins. Ex. Bldg. Corp. et al., 218 Ill. App. 12.

Plaintiff brought suit in the superior court for the recovery of damages against the defendants. The declaration consisted of two counts, the first of which alleged that the plaintiff was a tenant of defendants in the Insurance Exchange Building in Chicago under a written lease which provided among other things that the plaintiff might sublet the demised premises or any part thereof provided the proposed sublessee was in all respects satisfactory to the lessor, the defendant.

It was further alleged in the declaration that the defendants

"Arbitrarily, wrongfully, wilfully and maliciously * * * interfered with and obstructed the performance of said contract * * * and prevented the plaintiff and said company from carrying out their contract, and * * * refused to permit the plaintiff to deliver or said company to take over or accept said demised premises * * * in this that said defend-ants and each of them expressly declared and stated to the plaintiff that they would not permit plaintiff to sublet any of plaintiff's said office space at a profit to the plaintiff and would not permit plaintiff to sublet the same or any part thereof to any person whatever * * * by reason of which declarations and statements of the defendants, the said Rollins Burdick Hunter Company then and there refused to carry out its said agreement."

A demurrer was filed to the declaration which was sustained by the trial judge and the plaintiff, electing to stand by its declaration, a judgment was entered in favor of the defendants. Plaintiff brings the case here by appeal for review.

For the plaintiff it is insisted that its right of action, as stated in the declaration, is not based upon the lease or any provision therein. We are unable to agree with this contention. It is charged in the declaration that the defendants arbitrarily, wrongfully, etc., interfered with the right claimed by the plaintiff

to sublet the demised premises to Rollins Burdick Hunter Company. It is apparent that the plaintiff's action grew out of the contract of letting between it and the building corporation and as a part of this contract the plaintiff had the right to sublet the demised premises only in the event that the proposed sublessee was in all respects satisfactory to the lessor. The relationship created by the lease between the parties thereto is that of landlord and tenant. It will not be contended that in the absence of such relationship the plaintiff would have any cause of action against defendants. Whether the action brought by plaintiff be viewed as an action on the contract or for a tort it is perfectly clear that the plaintiff's rights, whatever they may be held to be, grew out of the relationship created by the lease. If we accept the view of the plaintiff that the action is one in tort, the declaration becomes obnoxious to demurrer for the reason that the particular facts upon which the plaintiff predicates the alleged wrongdoing do not amount to an actionable tort. It is true that the declaration charges that the defendants acting arbitrarily, wrongfully, wilfully and maliciously interfered with and obstructed the performance of the contract, that is, the proposed contract between the plaintiff and the sublessee, but this wrongful conduct, as appears from the face of the declaration, consists of an express declaration on the part of the defendants to the plaintiff, and not to the proposed sublessee, that the defendants would not permit plaintiff to sublet any part of plaintiff's office to the Rollins Burdick Hunter Company, and it appears from the declaration that the defendant lessor had a right to refuse to give consent to the subletting. This was a right reserved to the lessor in the lease.

There is no allegation in the declaration that the defendants, or either of them, sought to prevent the proposed sublessee from entering into a contract with

the plaintiff by any means other than the alleged statement made to the plaintiff that the defendants would not agree to a subletting of the premises. It may be admitted that the right to acquire property resides in every man and that an unlawful interference with this right may constitute an actionable wrong. *Brennan v. United Hatters,* 73 N. J. L. 729, 742. But as we read the declaration in the present case it cannot be said that the alleged conduct of the defendants was unlawful. Nor do we think that the plaintiff is aided by the allegations of the declaration that the proposed sublessee was at the time of the commission of the alleged wrong a tenant of the lessor. It does not follow as a matter of course from this fact that the owner of the building can be said to have acted wrongfully or unlawfully when it declined to accept the sublessee as a tenant of all or a part of the premises demised to the plaintiff. We are inclined to agree with the conclusion of the trial judge that the defendants upon any theory of the case were not required to consent to a subletting of the premises to the Rollings Burdick Hunter Company. The declaration alleges that the plaintiff was about to conclude a contract of letting with Rollins Burdick Hunter Company and that such contract would have been consummated had it not been for the wrongful and malicious interference of the defendants, and this wrongful and malicious interference is shown by the declaration to be merely that the defendants declined to accept the proposed sublessee as a tenant of the premises. The declaration on its face does not allege an actionable wrong of any sort.

The cases cited by plaintiff are not in point as the facts alleged in the declaration show that the defendants did not unlawfully, by direct or indirect means, obstruct or interfere with any right legally vested in the plaintiff. *Purington v. Hinchliff,* 219 Ill. 159; *May v. Wood,* 172 Mass. 11.

Millers Mut. Cas. Co. v. Ins. Ex. Bldg. Corp. et al., 218 Ill. App. 12.

The defendants acted within their rights as defined by the lease. They did not wilfully and wrongfully cause a breach of the proposed contract between the plaintiff and the sublessee. The case cannot be said to be one involving unlawful conduct on the part of an outside or third person, and even if the defendants in their conduct were actuated by malice, this fact would not give rise to a cause of action against them if their conduct was not legally wrongful. The cases relied upon by counsel for plaintiff do not aid us in solving the difficulty.

In the case of *Goodrich v. Van Nortwick,* 43 Ill. 445, a case involving an agreement for the purchase of a fanning mill, where a right was reserved to the buyer to return the mill within 30 days if it did not suit him, the Supreme Court said:

"If it did not suit appellee then he had the right to return the property, and he was by the terms of the contract to be sole judge of whether it suited him. That did not depend upon the opinion or judgment of other persons. It was a right he reserved by his contract, and having reserved the right, he could not be prevented from exercising it within the limited period."

In the case of *Union League Club v. Blymyer Ice Mach.* Co., 204 Ill. 117, a case involving a contract for the sale of a machine, under the terms of which the purchaser was permitted to refuse to accept the machine in case it proved unsatisfactory to it, the evidence in the case showed that the purchaser used the machine for many months after the date when, under the terms of the contract, it could have rejected it. The Supreme Court in deciding the case said:

"But where the matter involved is not one of 'taste, fancy or judgment, but of common experience, such as an ordinary job of mechanical work, or the quality of material, a different rule applies, and in such cases the law will say that what in reason ought to satisfy a contracting party, does satisfy him.'"

In the present case the lease provided that the lessor had the right to refuse to accept a tenant of a part of the demised premises if such proposed tenant was unsatisfactory to it. Contracts of this kind involved, in our judgment, more than the mere contractual relationship incurred in contracts for mechanical services and the like. Many considerations enter into the making of leases other than the rents to be paid for the use of demised premises; the personal character, reputation, reliability and responsibility, among other things, of proposed tenants are matters ordinarily taken into consideration by a lessor in the execution of a lease. It is our opinion that the clause of the lease under consideration should be held to confer upon the lessor the right to refuse to accept a subtenant for any reason satisfactory to it.

It is insisted that the word "satisfactory" as used in the lease means what would satisfy the mind of a reasonable man. Our attention has not been directed to any case, involving facts similar to those alleged in the declaration, in support of this contention. We may agree with the contention that the covenant not to assign or sublet the premises is to be strictly construed against the lessor. *Medinah Temple Co. v. Currey,* 58 Ill. App. 433. But this would not authorize us to hold that the term as used in the lease should be given a meaning not intended by the parties thereto.

It is alleged in the declaration that Rollins Burdick Hunter Company was at all times and in all respects satisfactory to the lessor because, as it is alleged, the company was then and there the tenant of the owner of the building and occupied space therein. The allegation that the proposed sublessee would be a satisfactory tenant of a part of the premises demised to the plaintiff merely because such sublessee was a tenant in the building does not amount to a charge that the proposed sublessee was in fact

satisfactory to the lessor. Indeed, for aught that appears in the declaration, the very fact that the lessor sustained the relationship of landlord to the proposed subtenant might furnish reasonable grounds for its refusal to extend the lessor's contractual relationship with the proposed subtenant.

It is asserted that the defendant, Picard, being merely the agent of the lessor, cannot derive any advantage from the covenant against assignment or subletting. There is no merit in this contention. If Picard acted in the matter solely as the agent of the lessor, then his conduct, if wrongful, would be legally chargeable against his principal. If it can be said from the declaration that Picard had no interest in the premises in question, except as agent for the owner, it becomes apparent that he could not in his own right have interfered with any right to sublet bestowed upon the plaintiff by the lease. It is not alleged that Picard interfered in any way other than to inform the plaintiff that the defendants would not agree to the subletting. This statement on his part could, under the allegations of the declaration, only relate to his relationship to the property as agent of the lessor.

As stated, no case or authority has been called to our attention which directly decides the question involved, but it is our opinion that the declaration fails to set out a cause of action against the defendants.

The judgment of the superior court will therefore be affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE MCSURELY and MR. JUSTICE HOLDOM concur.