## KING et al. v. FALLS COUNTY et al.
### No. 1089.

Court of Civil Appeals of Texas. Waco.
Oct. 1, 1931.

T. B. Bartlett, of Marlin, and J. W. Spivey, of Waco, for appellants.

C. D. Jessup, of Houston, and Terry Dickens and Carroll Pearce, both of Marlin, for appellees.

ALEXANDER, J.

This was a suit instituted in the district court of Falls county by R. W. King and others as taxpayers residing in new road district No. 4 of Falls county, Tex., complaining of Falls county, the commissioners' court thereof, and the tax collector and tax assessor of said county, seeking to enjoin the sale of road bonds issued by said district, and to prevent the levy and collection of taxes in said district for the purpose of paying said bonds at their maturity. The plaintiffs allege, among other things, that on or about the 9th day of September, 1929, the commissioners' court of Falls county created and established new road district No. 4 in said county, and that thereafter, on petition properly presented, the commissioners' court ordered an election in said district to determine whether or not it should issue road bonds on the faith and credit of said dis-

trict in the sum of $446,000. The plaintiffs further allege that at the election for the issuance of said bonds, said issue carried, and the commissioners' court passed an order authorizing the issuance of said bonds; that the court has levied a tax on all property located in said district for the purpose of liquidating said bonds, and is now seeking to collect said taxes. The plaintiffs alleged various irregularities in the creation of said district and in the voting of said bonds, and sought to have said bonds declared illegal, and to restrain the sale of said bonds and the collection of the taxes for the payment of the same. These irregularities will be set out more fully in the opinion. The case was regularly set for trial on its merits, and, upon a hearing thereof, the trial court sustained a general demurrer to the plaintiffs' petition, and they have appealed.

■ The plaintiffs alleged that the proceedings of the commissioners' court in creating the new road district were illegal because at the time the district was created the court did not hear any evidence as to the advisability of creating the district, and the plaintiffs were not given any opportunity to express themselves. The statute, article 752c (Acts 1926, 39th Leg., 1st C. S., p. 23, ch..16, § 3; Acts 1927, 40th Leg., 1st C. S., p. 250, ch. 92, § 1 [Vernon's Ann. Civ. St. art. 752c]) authorized the commissioners' court to create a road district of its own motion, and does not require that any previous notice be given to the taxpayers, nor that evidence be heard as to the advisability of creating the same. The statute does not contemplate that the taxpayer shall be heard at the time the district is created. His right to be heard accrues later when the petition is presented to the court calling for the bond election. Revised Statutes, article 752e, (Acts 1926, 39th Leg., 1st C. S., p. 23, ch. 16, § 5 [Vernon's Ann. Civ. St. art. 752e]).

The plaintiffs further alleged that, at the time the petition for the bond election was presented, the commissioners' court entered an order reciting that it would be for the benefit of all taxable property in the district to issue such bonds and to construct such roads. Plaintiffs then charged: "That the above is not true or correct and was not true or correct at the time such order was made, and that said commissioners' court wrongfully, negligently and arbitrarily made such finding and order with respect to such benefits and advantages without any evidence on which to base it."

Our Legislature in compliance with the holding of the Supreme Court in the case of Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330, "The Archer County Case," enacted chapter 16 of the First Called Session of the 39th Legislature, and, by section 5 thereof, provided that when a petition is presented to the commissioners' court for a road bond election, "The court shall proceed to hear such petition and all matters in respect of the proposed bond election. Any person interested may appear before the court in person or by attorney and contend for or protest the calling of such proposed bond election. * * * If upon the hearing of such petition, it be found * * * that the proposed improvements would be for the benefit of all taxable property situated in such * * * road district," etc., the court may order the election. Revised Statutes, article 752e (Acts 1926, 39th Leg., 1st C. S., p. 23, ch. 16, § 5).

■ This statute requires the commissioners' court, before ordering such an election, to make a finding that it would be for the benefit of all taxable property in the district. In this case, the court entered an order reciting such finding, but plaintiffs have charged that such a recitation was untrue, and that the court made such order wrongfully and arbitrarily and without any evidence. Since the trial court sustained a general demurrer to the petition, we must indulge all reasonable presumptions in favor of the petition. We must also presume that the plaintiffs, if they had been permitted to do so, would have proven the allegations as made by them. We therefore have before us a case where the law requires the commissioners' court, before ordering a bond election, to judicially determine that the issuance of the bonds would be for the benefit of all taxable property in the district, and yet, under the allegations in this case, the court has not judicially determined such issue, but has arbitrarily and wrongfully entered such an order contrary to the facts.

The word "arbitrarily" means in an arbitrary manner, and "arbitrary," as defined by the Standard Dictionary, means: "Fixed or done capriciously or at pleasure; without adequate determining principle; not founded in the nature of things; nonrational; not done or acting according to reason or judgment; depending on the will alone; absolutely in power; capriciously; tyrannical; despotic." Central of Georgia R. Co. v. Mote, 131 Ga. 166, 62 S. E. 164, 170.

■ The statute contemplates a judicial determination of the issue by the court; an adjudication which renders judgment only after a consideration of the facts; an adjudication that is the result of deliberate judgment, exercised in the light of the facts, if any, proven as well as matters within their own knowledge, and not the arbitrary entry of a decree or judgment as the result of caprice, without judicial deliberation and determination of the issue, and contrary to the facts. It would be useless to hold that the taxpayer must be allowed a hearing before the board, as was held in the case of Browning v. Hooper, supra, and then to hold that

the board could arbitrarily enter the order for the election without a judicial determination of the issue. Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71 (writ ref.); Allen v. Emery Ind. School District (Tex. Civ. App.) 283 S. W. 674.

Our Constitution, article 5, § 8, gives the district court supervisory control over the commissioners' court. Oden v. Barbee, 103 Tex. 449, 129 S. W. 602; Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162; Robison v. Whaley Farm Corp. (Tex. Sup.) 37 S. W.(2d) 714. Where a matter has been committed to the discretion of the commissioners' court and acted on by it, its judgment becomes the judgment of a court of competent jurisdiction, and a district court is not authorized to review the discretion of the commissioners' court, nor to set aside such judgment, unless it appears that there has been a clear abuse of the discretion of the court, or, unless there appears to be collusion, fraud, or bad faith. 11 Tex. Jur. 568; Williams v. Castleman, 112 Tex. 193, 247 S. W. 263, par. 8; McWilliams v. Commissioners' Court of Pecos County (Tex. Civ. App.) 153 S. W. 368, par. 2; Cameron v. Earnest (Tex. Civ. App.) 34 S.W.(2d) 685, par. 5; Wright v. Allen (Tex. Civ. App.) 257 S. W. 980, par. 4; Schiller v. Duncan (Tex. Civ. App.) 21 S.W.(2d) 571, par. 2; Davisson v. Eastland County (Tex. Civ. App.) 6 S.W.(2d) 782, par. 9.

Where the acts of the commissioners' court, in matters requiring the exercise of judicial discretion, are the result of purely arbitrary action on their part, and not the result of a judicial determination of the issue, it becomes the duty of the district court, under its supervisory power, to set aside such acts. In the case of Johnson v. Holland, 17 Tex. Civ. App. 210, 43 S. W. 71, 73 (writ ref.) it is said: "For all such arbitrary acts [of the commissioners' court] performed in the exercise of judicial power are fraudulent, and voidable, in the proper tribunals of the state, by direct proceedings to set them aside."

In the case of Allen v. Emery Ind. School District (Tex. Civ. App.) 283 S. W. 674, 676, it is said: "A merely and purely arbitrary or capricious valuation made by such tribunal [a tax board] disproportionate to the property's value is ground for objection and cause for interfering with its action."

For the reasons above stated, we think the court erred in sustaining the general demurrer to plaintiffs' petition. This is not an attack on the legal existence of the district as was the case of Grisham v. Tate (Tex. Civ. App.) 35 S.W.(2d) 264, but is an attempt to restrain the issuance of the bonds, notwithstanding the legal existence of the district.

We have considered all other propositions presented in appellants' briefs, and find them without merit.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for a new trial.