## TEXAS LIQUOR CONTROL BOARD v. GREEN.

### No. 10939.

Court of Civil Appeals of Texas. San Antonio.

Dec. 11, 1940.

Rehearing Denied Jan. 15, 1941.

Gerald C. Mann, M. C. Martin, W. Pirtle Watts, and Geo. W. Barcus, all of Austin, for appellant.

John J. Pichinson, of Corpus Christi, for appellee.

SMITH, Chief Justice.

Texas Liquor Control Board, through its Administrator, ordered cancellation of a liquor permit previously issued to Mrs. G. E. Green in Nueces County. Mrs. Green appealed from that order to the District Court, which rendered judgment nullifying the order of the Board, which has appealed to this Court.

The trial court rendered judgment upon the following findings of fact and conclusions of law:

"Findings of Fact.

"I. On April 8, 1940, a hearing was set before the Texas Liquor Control Board on a complaint filed to cancel or suspend Package Store Permit No. 1163 owned by Mrs. G. E. Green, Permitee.

"II. That 9 affidavits consisting of 11 pages were offered in evidence and presented to the Administrator at the time of such hearing on behalf of the Permitee, Mrs. G. E. Green, the plaintiff herein; that the Administrator hearing such cause spent approximately two (2) minutes in the reading and consideration of such affidavits.

"III. That the actual reasonable reading of the evidence offered by the Permitee at such hearing would take approximately ten (10) minutes.

"IV. That it was therefore a physical impossibility to properly read and examine the affidavits offered in evidence by the said Mrs. G. E. Green, Permitee, in the time devoted to such reading by the Administrator.

"V. That at the time of the hearing the Administrator failed to reasonably and properly read and examine the affidavits offered in evidence by the said Mrs. G. E. Green, Permitee.

"VI. That at the time of the hearing the Administrator arbitrarily failed to properly read and consider the affidavits offered in evidence.

"VII. That the Administrator of the Texas Liquor Control Board at the time of the hearing in question, without adequate determining principle, cancelled the Package Store Permit of the Permitee, Mrs. G. E. Green.

"Conclusions of Law.

"I. That the failure of the Administrator, Bert Ford, to properly consider the affidavits and evidence presented to him at the time set for the hearing, was arbitrary and capricious.

"II. Due to such arbitrary and capricious action on the part of the Administrator, the hearing was not such as is contemplated by the Texas Liquor Control Act and the order of the said Bert Ford, Administrator for the Texas Liquor Control Board, cancelling the Package Store Permit No. 1163, should be in all things set aside and held for naught."

Those findings of fact were timely prepared and filed by the trial judge upon the written request of appellant. They were brought up in a supplemental transcript upon appellee's motion and after notice to appellant, who made no objection thereto. Appellant has not questioned those findings by assignment of error, proposition or otherwise, wherefore they become binding upon this Court, which is therefore without power to go behind them or revise or minimize their effect. The result is that this Court is confronted with a conclusive adjudication that the Administrator's order cancelling appellee's

permit was arbitrarily and capriciously made, and, that being the case, it was the duty of the trial court to set aside that order, as was done. King v. Falls County, Tex.Civ.App., 42 S.W.2d 481; Bradley v. Texas Liquor Control Board, Tex.Civ. App., 108 S.W.2d 300; Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530.

Taking the record as presented here, this Court has no alternative but to give effect to the positive and unchallenged findings of fact made by the trial court, which sustain the judgment.

Affirmed.