FRIEDMAN v. THOMAS J. FISHER & CO., Inc.

No. 1186.

Municipal Court of Appeals for the District of Columbia.

Argued March 17, 1952.

Decided April 14, 1952.

Arthur L. Willcher, Washington, D. C., for appellant.

Milford F. Schwartz, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a summary judgment in favor of plaintiff in an action to recover a balance due under a lease agreement.

Appellant (defendant below) entered into a written lease for four rooms in the Century Building in this city for the term of eight months commencing April 15, 1948, at a total rent of $1,640, payable in monthly instalments of $205. He entered into possession and paid rent for two months and then moved. A Mr. Gordon, to whom appellant had sublet a room, remained in the leased premises until the expiration of the lease and paid rent monthly for that room to the appellant. After the expiration of the lease, lessor brought suit to recover rent remaining due in the amount of $1,230. Defendant lessee filed an answer alleging constructive eviction and failure to minimize damages. A motion for summary judgment under Municipal Court rule 51 (now rule 56) was filed by appellee, supported by affidavits and appellant's deposition, which motion was granted.

The first question for us to determine is whether there was a genuine issue as to any material fact.[1] Appellant first contends that there are several issues which entitled him to a trial upon the merits. He urges that an ambiguity exists in the lease and that this ambiguity requires a determination of factual issues in order to resolve it.

Among other things the lease contained the following printed provision:

"And the said Lessee agrees * * * that he will not sub-let the premises, or any part thereof, or desk room therein, or transfer possession thereof or any part thereof, or assign this lease, without the written consent first had and obtained from the said Lessor * * *."

Toward the end of the lease was inserted the following typewritten proviso:

"And it is further understood and agreed that the Lessee shall have the right, during the term of this lease, to sublet the demised premises, provided approval is obtained, in writing from the Lessor."

Our study of these two clauses reveals no real ambiguity. The first is a negative statement which prohibits subletting or assigning without written consent of the lessor, while the later typewritten provision is an affirmative statement of the same thing, i.e., that the lessee may

1. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766.

sublet provided written approval is obtained from the lessor. The reasonable effect of these two clauses is identical and consequently can not be said to be ambiguous. Contracts are not rendered ambiguous by the mere fact that the parties do not agree upon their proper construction. The question of whether an ambiguity exists in a contract is one of law to be determined by the court.[2]

In appellant's deposition submitted by appellee in support of its motion for summary judgment, he testified that he had offered several prospective tenants but that lessor had rejected them. Appellant contends that the written consent to sublet could not be arbitrarily withheld and that consequently there is a factual issue as to whether the lessor did act arbitrarily. On this same point he urges that the effect of appellee's arbitrary refusal to accept the proffered subtenants constituted a constructive eviction and that this question could only be determined on a trial.

■ This contention raises the question as to the right of the lessor to withhold assent, however arbitrary or unreasonable his acts may appear. If his obligations as lessor could be tested by the usual standards of reasonableness, a material issue of fact would be presented. However it is settled law that a lessor may arbitrarily refuse his consent to a subletting where the lease generally provides against a subletting without his consent.[3] And we have held that a covenant against

subletting is for the benefit of the landlord, "because it is regarded as for his interest to determine who shall be a tenant of his property."[4]

■■ Finally, appellant contends that appellee lessor failed to minimize its damages by its arbitrary refusal to permit him to rent a portion of the premises to keep the loss to a minimum. With this we can not agree. It was long ago established in this jurisdiction that a landlord is under no obligation to attempt to relet the premises even following an abandonment, before the expiration of the lease, but may allow the premises to lie idle and recover the rent agreed on.[5] He is neither required to seek a new tenant in order to lessen the damages nor must he accept a new tenant, proffered by the defaulting lessee, who is not acceptable to him.[6] Here there was no abandonment; the lessee left his subtenant in possession and continued to collect rent throughout the entire term.

We recognize that summary judgment procedure should be cautiously invoked. But where the case plainly presents issues of law and it is clear that a trial would not change the situation, the case may be decided on a motion for summary judgment. If this case had gone to trial on the facts as presented, plaintiff would have been entitled to a directed verdict. That being so, summary judgment was properly entered.[7]

Affirmed.

2. "A contract is ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions; it is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends. 17 C.J.S., Contracts, § 294, and cases there cited." Whiting Stoker Co. v. Chicago Stoker Corporation, 7 Cir., 171 F.2d 248, 250, certiorari denied 337 U.S. 915, 69 S.Ct. 1155, 93 L.Ed. 1725.

3. Coulos v. Desimone, 34 Wash.2d 87, 208 P.2d 105; Ogden v. Riverview Holding

Corp., 134 Misc. 149, 234 N.Y.S. 678, affirmed 226 App.Div. 882, 235 N.Y.S. 850; 51 C.J.S., Landlord & Tenant, § 36; 32 Am.Jur.; Landlord & Tenant, § 412.

4. Keroes v. Westchester Apartments, D.C. Mun.App., 36 A.2d 263, 264, citing Bailey v. Allen E. Walker & Co., 53 App.D.C. 307, 290 F. 282.

5. Slayton v. Jordan, 42 App.D.C. 421.

6. Cf. Abraham v. Gheens, 205 Ky. 289, 265 S.W. 778, 40 A.L.R. 186, supplemented by 126 A.L.R. 1219, for a full annotation of this point.

7. Dewey v. Clark, supra.