**L. R. PLETZ, Appellant,**

v.

**STANDARD HOMES COMPANY et al.,**
**Appellees.**

No. 13701.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 1, 1961.

Bobbitt, Brite & Bobbitt, San Antonio, for appellant.

W. W. Palmer, San Antonio, for appellees.

POPE, Justice.

Plaintiff, L. R. Pletz, sued Kenneth Kline and Bob Kline, hereinafter called lessors, for specific performance to compel them to consent to an assignment of a lease by their tenant, Standard Homes Company. Plaintiff also sued for damages. He joined the tenant, Standard Homes Company and its president, G. S. Eidelbach, Jr. The lease between lessors and Standard provided that the lessee, Standard, "shall not assign this agreement, underlet or sublet the premises, or any part thereof, without the written consent of lessors; and lessors agree that they will deny said right only for good cause." The trial court found as a fact that lessors had good cause in withholding their consent and rendered judgment against plaintiff.

We affirm the judgment. Lessors proved that they refused to deal with anyone unless they knew what the assignee intended to do with the property. They made repeated inquiries, but were never told. They desired to avoid duplications of businesses so their own tenants would not be competing with each other. To the time of trial, Pletz never disclosed his intentions. During one conference, however, when asked the direct question concerning his plans, he replied: "I am going to take a bulldozer and run through that main building." Klines were not happy over such proposed use of their structure. While lessors were dealing with Pletz about a new lease for a term of fifty years, a news story appeared which stated that Pletz had an option to sublease the property from Standard. This disclosure to lessors through the press, instead of by the one with whom they were then dealing, made the lessors uncertain about further negotiations with Pletz. Klines testified also that Pletz had sought to induce the school district to condemn a portion of their land, and that Pletz, or some of his commercial tenants in the area,

used the Kline property as a dump ground. Standard submitted a proposed assignment of the lease to Pletz, but the trial court found that Pletz never accepted it. Neither ever signed it.

 Moreover, Pletz had no justiciable interest in any claimed breach of the lease obligations between lessors and the lessee. In fact, Pletz did not deal with the lessee. The option was taken, not by Pletz, but by Pletz, Trustee. Pletz was unable to specify the beneficiary of the trust. He said it may have been some other company, or one of his sons, but he supposed it was himself.

The judgment is affirmed.