Max GROSSMANN et al., Appellants,

v.

Dan F. BARNEY, Appellee.

No. 13921.

Court of Civil Appeals of Texas.

San Antonio.

July 5, 1962.

Rehearing Denied Aug. 1, 1962.

Maverick, Tynan & Gochman, San Antonio, for appellants.

Leonard Brown, San Antonio, for appellee.

POPE, Justice.

Max Grossmann and Morris Evans, as lessors, sued Dan F. Barney, their lessee, for the unpaid rent under a ten-year lease agreement. The trial court awarded judgment to the lessors for $1,400 unpaid rent and $600.00 attorney's fees, but denied most of their claim by reason of their arbitrary refusal to consent to a sublease. Lessors have appealed, and the controlling questions are whether (1) the lessors, under their lease, had the right arbitrarily to refuse to accept the proposed new tenant, (2) lessors, in fact, arbitrarily refused, and (3) lessors were entitled to recover interest upon the unpaid rentals from their due date.

The lease began on December 1, 1949, and ran to November 30, 1959. Grossmann signed the contract, but Evans did not until after suit was filed. All parties accepted all the benefits of the contract and the trial court correctly held that they were bound by it. McCampbell v. McFadin, 71 Tex. 28, 9 S.W. 138. Lessee had used the premises for an automobile accessory store, but moved out in 1956. He continued to pay his monthly rental of $300.00 until February, 1957, when he stopped. He was then in default and has paid nothing since that date. It was not until May, 1957, that the lessee produced a sublessee, whom the court found was "ready, willing and able to execute a sublease of said premises for the remainder of the ten-year lease term * * *." The proposed new tenant was

to pay only $250.00 for the first ten months and Barney, the original lessee, was to pay the other $50.00. Thereafter the new tenant would pay the entire $300.00. The original lessee was willing to guarantee the full rental payments. Lessors refused to accept the new tenant, and the lessee urges that this refusal was arbitrary and a defense to lessors' suit for unpaid rentals.

The trial court held that the lessors, under their lease, did not have the right of arbitrary refusal to consent to the substitute tenant offered by lessee. Article 5237, Vernon's Tex.Civ.Stats., prohibits subletting and assignment without the lessor's consent. Lessee relies upon a paragraph in the lease which he claims was sufficient to overcome the statutory prohibition. It was a provision by which lessors agreed "To permit lessee to sublet this lease provided lessee remains primarily liable on the obligations of this lease and the sublessee proves acceptable to lessor. To not make any alterations without lessor's written consent theretofore obtained." From the record and briefs, it is apparent that lessee has placed his emphasis upon the first sentence only. In our opinion, the second sentence of the paragraph is of controlling effect under the facts of the case, and must be construed with the first sentence.

There were two restrictions upon the right to obtain the lessors' consent. The new sublessee must be "acceptable to lessor," and no alterations could be made in lessors' building without lessors' prior written consent. We shall discuss these restrictions in reverse order. The proposed new tenant, from the undisputed evidence, planned to install a washateria which would require punching holes in the ceiling for each installation. This was an alteration, which the lease expressly prohibited without lessors' written consent. They declined to give their consent, and they had this right under the terms of their lease. Whether they acted reasonably or not is immaterial, for they reserved that right to preserve their property under the lease. Richard v. Degen & Brody, Inc., 181 Cal. App.2d 289, 5 Cal.Rptr. 263.

The other requirement that the tenant must be "acceptable to lessor" becomes unimportant, for even though lessors ought to have accepted him for other reasons. by contract they were under no duty to accept him for a use of their premises which called for alterations. However, in Boone v. First Nat. Bank of Waxahachie, 17 Tex.Civ.App. 365, 43 S.W. 594, a similar phrase was construed and the court held that the lease might as well have said that the tenant shall not sublet without the permission of the landlord, since it was merely an affirmative statement of the statutory negative. Friedman v. Thomas J. Fisher & Co., D.C.Mun. App., 88 A.2d 321, 31 A.L.R.2d 827; Kendis v. Cohn, 90 Cal.App. 41, 265 P. 844, 854; Millers Mut. Casualty Co. v. Insurance Exchange Bldg. Corp., 218 Ill.App. 12; 31 A.L.R.2d 833. There is no harmony in the decisions on this matter. 31 A.L.R.2d 831–838.

Moreover, the proof did not establish the arbitrary nature of the lessors' refusal. Definitions of the term "arbitrary" are found in Webb v. Dameron, Tex.Civ.App., 219 S.W.2d 581, 584. In our opinion, a fair definition for this case, is that a decision is arbitrary when it is made without fair, solid and substantial cause or reason. Texas Electric Service Co. v. Moxley, Tex. Civ.App., 157 S.W.2d 726, 728. Though a decision is mistaken or wrong, it is not necessarily arbitrary. Grand International Brotherhood of Locomotive Engineers v. Wilson, Tex.Civ.App., 341 S.W.2d 206, 211. Accord, Goodrum v. State, Tex.Civ.App., 158 S.W.2d 81, 87; King v. Falls County, Tex.Civ.App., 42 S.W.2d 481; 6 C.J.S. pp. 144–147.

There were two lessors. Lessee dealt with Grossmann. He never consented, though he indicated his approval, subject to his co-lessor's approval. The other lessor never consented. The lessors had several reasons for declining to accept the new

tenant. The new tenant proposed to operate a washateria. Each machine would require a vent to be put through the ceiling. Lessors had another tenant who operated a cleaning and laundry business, which they regarded as competition between two of their own tenants. They later permitted a washateria in the same location, but this was after the competing tenant had moved, and the installations were made without piercing the ceiling. Lessors never saw nor talked to the new tenant, he was a stranger to them, and they had no credit rating on him, since he was from another city. The new tenant was unable to pay the full rent.

Lessee offered proof that he was willing to guarantee the whole amount of the rental, and that lessors preferred to rent the premises to Arthur Murray Studios. Lessee places great emphasis upon his willingness to guarantee the full payment of all rent. An owner of rental property may properly be motivated by considerations wholly apart from the rent. Pletz v. Standard Homes Company, Tex.Civ.App., 342 S.W.2d 621. The use and reputation of the location for a short period of time can affect the future value of the property. A. Harris & Co. v. Campbell, Tex.Civ.App., 187 S.W. 365. In this instance, the guarantee was that of a lessee already in default.

 Lessors are entitled to recover rentals for March, 1957, and each month thereafter through March, 1958. Lessors concede that they made a new lease in April, 1958, and make no claim for rentals after that date. The trial court's judgment will, therefore, be reformed and judgment rendered in favor of lessors for $3,900. Lessors are also entitled to recover interest upon each monthly rental payment from its due date. Art. 5070, Vernon's Tex.Civ. Stats. Costs are adjudged against the appellee.

Judgment reformed and affirmed.

BARROW, J., not participating.

On Motion for Rehearing.

POPE, Justice.

In his motion for rehearing, lessee states that we were in error in stating that Evans, one of the owners, signed the lease agreement after suit was filed. Lessee is right. Evans did not sign the lease. This, however, does not change the rule upon which we relied as stated in McCampbell v. McFadin, 71 Tex. 28, 9 S.W. 138.

Lessors, by a motion for rehearing, state that we made no disposition of the $600.00 allowed by the trial court as attorney's fees. In our opinion, lessors are entitled to judgment for those fees.

Appellee's motion for rehearing is overruled, and Appellants' is granted.

BARROW, J., not participating.