GREEN, Respondent, vs. SOMERS, Appellant.

*March 16—April 11, 1916.*

*Master and servant: Wrongful discharge: Remedy of servant: Grounds for discharge: Insubordination: Questions for jury: Appeal: Direction of final judgment.*

1. Where an employee is wrongfully discharged, having been paid in full up to that time, his remedy is by action for damages for breach of the contract of employment and not by action for wages under the contract.

2. An employer has the right to give all lawful and reasonable commands deemed by him necessary to the proper management of his business, and the employee's duty is to obey such commands where there is nothing in the contract of employment to relieve him from such duty.

3. Any inexcusable and substantial insubordination on the part of an employee, or wilful refusal to obey such commands amounting to insubordination, is good ground for discharge; but whether a mere breach of duty—it being in dispute whether wrong was intended or injury inflicted—is good ground for discharge, is a question for the jury.

4. Where the facts are undisputed and it is certain that the disobedience is wilful and contumacious, it may be the duty of the court to determine as matter of law that the commands given were lawful and reasonable and the refusal to obey inexcusable; and if such be the case there is no question for the jury.

5. Commands, given by his employer to the general manager of a hotel, to appoint an assistant manager, to have the storekeeper

make all purchases, to close the hotel laundry, and to discharge
the help privately employed, are *held* as matter of law to have
been lawful and reasonable commands which the manager wil-
fully and inexcusably refused to obey; and the discharge of the
manager because of such refusal was lawful.

6. In an action based on alleged wrongful discharge of an employee,
the issue having been fully litigated and the testimony being all
before this court, which holds that on the admitted facts the dis-
charge was lawful, no new trial is necessary or proper, and final
judgment for the defendant is ordered.

APPEAL from a judgment of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

Action to recover one month's salary and living expenses
claimed to be due the plaintiff under a written contract. The
contract was made October 1, 1913, and by its terms the de-
fendant employed the plaintiff as "general manager of the
Plankinton House" in Milwaukee for the period of two years
from that date at a salary of $7,500 per annum, payable in
equal monthly instalments at the end of each month; the
plaintiff being allowed to retain and occupy certain quarters
in the hotel, then occupied by himself and family, so long as
the hotel should remain open, and in case of the demolition of
the hotel the plaintiff to be allowed and paid at the end of
each month the necessary living expenses of himself and fam-
ily, not exceeding $300 per month, until other suitable quar-
ters should be furnished him. The duties of the plaintiff as
manager were not defined by the contract any further than
they may be said to be defined by the use of the words "gen-
eral manager." The plaintiff was discharged and ceased to
act as manager July 1, 1914, and this action is to recover his
salary and living expenses for the month of July, 1914. The
defendant justified the discharge by reason of plaintiff's wil-
ful refusal to carry out the defendant's orders and instruc-
tions as to the management of the house.

The facts were not seriously in dispute. At some time
prior to the making of the agreement in suit the defendant
obtained a ninety-nine-year lease of the hotel property from

the owners, the trustees of the estate of John Plankinton, and took possession thereof under such lease. The plaintiff was at that time the manager of the hotel under the trustees and so continued until the execution of the contract hereinbefore set forth, after which he remained as manager under the contract aforesaid. Mr. George Harvey was the defendant's personal representative in complete charge and control of his interests in Milwaukee (which included other real property besides the hotel) and remained such representative until about May 1, 1914, when he was succeeded by his brother, H. B. Harvey. The hotel had then been running at a loss of from $5,000 to $8,000 a month for some months and the defendant wished to curtail expenses and stop the loss if possible. The fact that the hotel was expected to be torn down in the near future to make way for a new building had a bad effect on the patronage of the house. H. B. Harvey had various conferences with the plaintiff during the month of May with regard to the management of the hotel and as to certain proposed retrenchments. They could not agree as to many things. On May 28th Harvey commenced issuing to the plaintiff written orders, the first one being an order to operate the hotel on both American and European plans. This was carried out by *Green* and other orders followed. *Mr. Green* objected that he had no evidence of Mr. Harvey's authority to represent the owners. Proof of Harvey's authority to represent the defendant being furnished, the disagreements still continued through the month of May. Out of some thirty or forty orders issued by Harvey the plaintiff absolutely refused to obey the following: (1) An order to appoint an assistant manager and issue all orders through him; (2) an order that he (plaintiff) should, when he was about to be absent from the hotel, leave a notification of the same on the books of the hotel naming the hours of leaving and returning; (3) an order directing the discharge of certain help retained by the plaintiff and his family and paid from the

hotel funds; (4) an order directing that all purchases be made by the steward, who was at that time purchasing the foodstuffs but not the wines, liquors, and replacements; (5) an order directing that the hotel laundry be closed; (6) an order directing that one Blennerhasset, plaintiff's uncle by marriage, who was living at the hotel, register as a guest and pay his board; and (7) an order that the upholsterer employed by the hotel be discharged. The plaintiff having finally refused to obey any of these last named orders on June 30th, he was discharged on the following day.

A motion to direct a verdict for the defendant was overruled, and, the plaintiff being required to elect whether the action was on the contract for a specific month's salary or for breach of the contract, elected that the action was on the contract for the month's salary. Thereupon the cause was submitted to a jury, which returned a general verdict for the plaintiff for $625. Judgment being entered for the plaintiff on this verdict the defendant appeals.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *Mr. Fish.*

*Paul D. Durant,* for the respondent.

Winslow, C. J. In this case it is held:

1. Where an employee is wrongfully discharged, having been paid in full up to that time, his remedy is by action for damages for breach of the contract of employment and not by action for wages under the contract. *Kennedy v. South Shore L. Co.* 102 Wis. 284, 78 N. W. 567; *Ornstein v. Yahr & Lange D. Co.* 119 Wis. 429, 96 N. W. 826.

2. An employer has the right to give all lawful and reasonable commands deemed by him necessary to the proper management of his business, and the employee's duty is to obey such commands where there is nothing in the contract of employment to relieve him from such duty.

3. Any inexcusable and substantial insubordination on the part of an employee or wilful refusal to obey such commands amounting to insubordination, is good ground for discharge. *Thomas v. Beaver Dam M. Co.* 157 Wis. 427, 147 N. W. 364; 26 Cyc. 992. Such a case is to be distinguished from a case where there has been a mere breach of duty, it being in dispute whether wrong was intended or injury inflicted, in which latter case it is a question for the jury whether such breach is good ground for discharge. *Schumaker v. Heinemann,* 99 Wis. 251, 74 N. W. 785.

4. Where the facts are undisputed as in the present case and it is certain that the disobedience is wilful and contumacious, it may be the duty of the court to determine as matter of law that the commands given were lawful and reasonable and the refusal to obey inexcusable, and if such be the case there is no question for the jury. *Thomas v. Beaver Dam M. Co., supra; Jerome v. Queen City C. Co.* 163 N. Y. 351, 57 N. E. 485.

5. In the present case it is held as matter of law that there were several lawful and reasonable commands given by the employer which the employee wilfully and inexcusably refused to obey, and among these were the commands (1) to appoint an assistant manager, (2) to have the storekeeper make all purchases, (3) to close the hotel laundry, (4) to discharge the help privately employed, and perhaps others.

6. Under the admitted facts the discharge was lawful, and a verdict for the defendant should have been directed whether the action be regarded as an action for wages on the contract or an action for damages for breach of the contract.

7. The testimony on the subject being all before the court and the issue as to the lawfulness of the discharge having been fully litigated, no new trial is necessary or proper. Final judgment should now be ordered.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the defendant notwithstanding the verdict.