SHELDON O. HARRINGTON *vs.* EMPIRE CREAM SEPARATOR COMPANY.

Androscoggin.   Opinion October 22, 1921.

*Wages or salary accruing after one's discharge, whether rightfully or wrongfully, before the end of the term if the contract for hiring was for a fixed period are not recoverable. An employee wrongfully discharged may recover as damages the difference between the amount which would after his discharge accrue to him under the contract if continued in force, and the amount which during the remainder of the term he earned, or by reasonable diligence might have earned.*

Where there is a contract for hiring for a fixed period and the servant or agent is discharged either rightfully or wrongfully before the end of the term he cannot recover, as such, wages or salary accruing after his discharge. Wages and salary are commonly predicated upon the relation of master and servant, or principal and agent, and such relation cannot exist against the will of either party.

An employee wrongfully discharged may in an action for the purpose recover as damages the difference between the amount which would after his discharge accrue to him under the contract if continued in force, and the amount which during the remainder of the term he earned, or by reasonable diligence might have earned.

The instant case is an action on account annexed to recover salary and bonus under a contract covering a period both prior to and following the plaintiff's discharge from the defendant's employment.

*Held:*

That the plaintiff is entitled to recover in the action only sums accruing before his discharge.

On motion for new trial by defendant.   This is an action of assumpsit on account annexed to recover for a bonus of $25 a month for seven months, and for salary amounting to $607.50, and cash paid out for expenses $69.28, making a total of $851.78.   The plea was the general issue, and a verdict was returned for plaintiff for $821.56. Remittitur of all the verdict above one hundred forty-two dollars and sixty-seven cents to be filed by plaintiff within fifteen days, and motion overruled.   If such remittitur is not filed entry to be, Motion sustained.   Verdict set aside.   New trial granted.

Case is stated in the opinion.

*Frank L. Morey,* for plaintiff.

*Benjamin L. Berman, and Jacob H. Berman,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, DUNN, MORRILL, DEASY, JJ.

DEASY, J.   Action on account annexed to recover for salary, expenses and bonus.   The plaintiff having recovered a verdict, the defendant brings the case forward on motion.

The plaintiff entered into a contract with the defendant to act as its agent in the sale of milking machines and cream separators.   The contract is evidenced by letters.

The agreed compensation was $135 per month together with necessary traveling expenses, and also a bonus of $25 a month conditioned on the amount of sales.   The verdict is based upon a finding that the parties intended and agreed  that the contract should continue in operation for a year.   This finding is justified though such period is not explicitly and in terms specified.

On July 23, 1920, the defendant discharged the plaintiff from its service by a letter an excerpt from which is as follows:—

"On July 31st, we are forced to ask you to lay off for an indefinite period.   Now, do not misunderstand me, Mr. Harrington.   We are not doing this from any dissatisfaction on your part, and we will be very glad to furnish you with a recommendation, or assist you in any reasonable way in securing another position.   Kindly send in your photo book and supplies and a check will be mailed you, less your advance expense money."

The account annexed contains the item:   "Salary from Aug. 1st to Dec. 1st 1920 4 mos. at $135. per mo. $540."   It also contains a claim for expenses incurred between August 3 and August 10.

The verdict apparently includes these amounts in full.   This is error.   Whether or not the plaintiff is entitled to recover damages for wrongful discharge was not in issue and not considered.   He was not entitled to recover salary accruing after July 31st when he was discharged.

Where there is a contract for hiring for a fixed period and the servant or agent is discharged either rightfully or wrongfully before the end of the term, he cannot recover, as such, wages or salary accruing after his discharge.   Wages and salary are commonly pred-

icated upon the relation of master and servant, or principal and agent, and such relation cannot exist against the will of either party.

Courts in some jurisdictions have held the contrary, but the preponderance of authority as well we believe as the weight of reason are in harmony with the law as above stated.

*Mining Co.* v. *Andrews*, (Ariz.), 56 Pac., 970; *Arnold* v. *Adams*, 49 N. Y. S., 1041; *Howard* v. *Daly*, 61 N. Y., 369; *Derosia* v. *Ferland*, (Vt.), 76 At., 153; *Green* v. *Somers*, (Wis.), 157 N. W., 529; *Ogden-Howard Co.* v. *Brand*, (Del.), 108 At., 277; *Lichenstein* v. *Brooks*, (Tex.), 12 S. W., 975; *Olmstead* v. *Bach*, (Md.), 27 At., 501; *Hamilton* v. *Love*, (Ind.), 53 N. E., 181.

An employee wrongfully discharged may in an action for the purpose recover as damages the difference between the amount which would after his discharge accrue to him under the contract if continued in force and the amount which during the remainder of the term he earned, or by reasonable diligence might have earned.

*Sutherland* v. *Wyer*, 67 Maine, 69; *Alie* v. *Nadeau*, 93 Maine, 285.

The instant case, however, is an action for salary under a contract and not to recover damages for breach of a contract.

After an employee has been discharged the parties may of course enter into a new contract of hiring, expressly or by implication, or may renew or revive the old. If the employee continues to carry on the duties of his employment as before, with the knowledge and assent of his employer, such renewal or revival may be implied. In this case, however, no such renewal or revival is shown.

The items accruing before August 1st are recoverable. This includes salary for the last half of July, and expenses to the end of that month. The evidence also fairly shows that the plaintiff earned his bonus for April, May and June. The May deficiency was off-set by the surplus of sales in the following month. Under the terms of the contract no bonus is due for the other months.

The amount for which the verdict is justified is as follows:— Salary, $67.50. Expenses, $46.97. Bonus, $75. Total, $189.47. Less payment advanced $50. Balance $139.47 for which amount with interest from the date of writ the plaintiff is entitled to judgment.

If within fifteen days after the rescript in this case has been received by the Clerk of Courts for Androscoggin County, the plaintiff shall file his remittitur of all of the verdict above the sum of one

hundred forty-two dollars and sixty-seven cents (which sum includes interest to date of verdict) motion to be overruled.   If such remittitur is not filed entry to be,

> *Motion sustained.*
> *Verdict set aside.*
> *New trial granted.*