## CHAPMAN v. POTOMAC CHEMICAL CO., Inc.

### No. 9293.

United States Court of Appeals
District of Columbia.

Argued Nov. 27, 1946.

Decided Jan. 27, 1947.

Mr. Arthur J. Hilland, of Washington, D. C., with whom Mr. Samuel Shapiro, of Washington, D. C., was on the brief, for appellant.

Mr. David G. Bress, of Washington, D. C., with whom Mr. Alvin L. Newmyer, of Washington, D. C., was on the brief, for appellee. Mr. Alvin L. Newmyer, Jr., of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

Appellant brought this suit on a contract by which he was to sell goods for appellee on commission. The District Court granted appellee's motion to dismiss the complaint on the ground that it was barred by a judgment which appellant had recovered and this court had affirmed in a former suit on the same contract. Potomac Chemical Co., Inc., v. Chapman, 79 U.S. App.D.C. 299, 146 F.2d 664.

In appellant's former suit he (1) proved that appellee wrongfully discharged him in August, 1941; (2) proved sales that appellee made to appellant's prospective customers between that date and October 21, 1942; (3) stipulated, in April, 1943, that he claimed no commissions on sales made after October 21, 1942; and (4) recovered commissions on sales made before that date. In this second suit on the same contract he now claims, contrary to his former stipulation, commissions on sales made by appellee after that date to customers previously solicited by appellant.

Appellant evidently conducted his former suit on the theory that although his discharge in 1941 was wrongful, appellee was entitled to discharge him at least as early as October 21, 1942, and that he was therefore not entitled to commissions on any sales made later. Since the contract of employment was terminable at will, on reasonable notice given in good faith, this theory was probably sound. Appellant appears to adopt a different theory now; that he is entitled in perpetuity to commissions on all sales which appellee may ever make to persons whom appellant solicited before his discharge. This is probably unsound.[1] But we need not decide that point, for even if appellant's present theory were sound he would now be barred from asserting it.

■ Appellant had only one contract of employment. Appellee broke it only once, by discharging him. Appellant was entitled to recover in one suit all the damages which had resulted or would afterwards result from his discharge.[2] The principle of res judicata bars recovery not only of the damages which he saw fit to claim in his former suit but also of all other damages, if any, which he might have claimed in that suit. It therefore bars the present suit.[3] The cases on which appellant relies involved leases or other contracts which could be and were broken more than once. They have no application here.

■ The rule that allows only one suit on one breach of contract "sufficiently protects the plaintiff in that he is allowed to recover full damages, and, at the same time, it minimizes the damage of the defendant by not allowing him to be vexed with a number of separate suits." Williston, Contracts, Rev.Ed., § 1292. Though prospective damages are harder to prove than past damages, the balance of convenience is probably on the side of the established rule.

■ Appellant's stipulation in the former suit is an additional bar to the present suit. Whether or not this undertaking which appellant made in the court's presence was supported by consideration, obviously the court would not permit him to violate it in the suit in which he made it. To permit him to violate it in the present suit would be equally inappropriate. The case is substantially as if a plaintiff in a suit for personal injuries stipulated in 1943 that he suffered no damages later than 1942, recovered judgment on that basis, and afterwards brought a new suit for later damages.

Appellant urges that his former suit was not brought to recover damages for breach of contract, i. e. wrongful discharge, but on the claim that he was the procuring cause of certain sales. In the circumstances this distinction is without a difference. Under his contract, appellant was to be paid in commissions. Because of his wrongful discharge, commissions on sales of which he was the procuring cause were not paid. The amount of these commissions was damage caused by his discharge. The pretrial order in appellant's former suit correctly described that suit as an "action for damages growing out of alleged breach of contract."[4]

■ Appellant contends that appellee, at the time of the former suit, misrepresented the amount of past sales. This attempt to attack the former judgment collaterally is likewise barred by the principle of res judicata.

Affirmed.

[1] Scott v. Engineering News Publishing Co., 47 App.Div. 558, 62 N.Y.S. 609; Pelletier v. Dobbins-Trinity Coal, Inc., —— Misc. ——, 59 N.Y.S.2d 676; Home News v. Goodman, 182 Md. 585, 35 A.2d 442. Cf. 23 A.L.R. 45.

[2] Pierce v. Tennessee Coal, Iron & Railroad Co., 173 U.S. 1, 19 S.Ct. 335, 43 L.Ed. 591.

[3] Snell v. J. C. Turner Lumber Co., 2 Cir., 285 F. 356; Kimberly Coal Co. v. Douglas, 6 Cir., 45 F.2d 25; Pakas v. Hollingshead, 184 N.Y. 211, 77 N.E. 40, 3 L.R.A.,N.S., 1042, 112 Am.St.Rep. 601, 6 Ann.Cas. 60; McCargo v. Jergens, 206 N.Y. 363, 99 N.E. 838; Olmstead v. Bach, 78 Md. 132, 27 A. 501, 22 L.R.A. 74, 41 Am.St.Rep. 273.

[4] It amended the original complaint to show that appellant claimed to be compensated for the breach "by way of commissions" which he would have received "except for his discharge."