36 So.2d 227

ALABAMA CREDIT CORPORATION v. HIGGINS.

7 Div. 925.

Supreme Court of Alabama.

June 24, 1948.

18

Rains & Rains, of Gadsden, for appellant.

Roberts, Cunningham & Hawkins, of Gadsden, for appellee.

LIVINGSTON, Justice.

This suit is for a breach of contract whereby the defendant is alleged to have employed the plaintiff for a period of twelve months, or one year, as an optometrist, at a salary of $125 per week, payable twice monthly (on the first and fifteenth day of each month). As amended, the complaint consists of one count, to which demurrer was overruled. A trial by jury resulted in a verdict and judgment for plaintiff, from which this appeal is prosecuted.

The complaint was substantially in Code form. It alleged the making of the contract, the breach by defendant, and plaintiff's readiness, willingness and ability to perform. It was not subject to any ground of demurrer interposed thereto.

It is undisputed that defendant employed plaintiff as an optometrist to work in its Gadsden, Alabama, jewelry store at a salary of $125 per week, payable twice monthly, on the first and fifteenth day of each month. Each pay check to be calculated on a fifty-two weeks basis: that plaintiff worked for the defendant from about the middle of February, 1946, to the first of October, 1946, and received full pay for the services rendered. The contract between the parties was first oral, but before plaintiff entered upon his duties written memorandums as to the terms of the agreement were made, each party signing a memorandum and giving it to the other, and both parties signing a third memorandum. All the memorandums bear the date of Feb-

ruary 6, 1946. The memorandums are not identical, but substantially they are the same, except the memorandum signed by both parties contains the following: "Contract shall not be for less than twelve months." This stipulation is not in the other memorandums. The plaintiff testified that the memorandum signed by the defendant and delivered to him (plaintiff) together with the memorandum signed by both parties constituted the agreement between the parties. This is not disputed, and one Lewis, the defendant's agent who made the contract, admitted that he signed both memorandums for and on behalf of defendant. The evidence was in conflict as to whether the memorandum signed by both parties was dated when signed.

Appellant, defendant in the court below, strenuously insists in brief that the contract was not for a year's duration. But, as we view the record, there is no evidence to support such a contention: on the contrary, the memorandum signed by Lewis, the authorized agent of appellant, specifically provides that the employment shall not be for less than twelve months.

The evidence is conflicting as to the reasons for plaintiff's discharge. On the one hand, defendant's evidence tended to show that plaintiff neglected his duties to defendant, and devoted his time to other pursuits. Plaintiff's evidence tended to prove the contrary. A jury question was presented, and we will not disturb the finding of the jury against the contention of defendant. Clear enough, the defendant was not entitled to the general charge.

Whatever may be the rule in other jurisdictions, it is settled in this State that, if the plaintiff had a contract for services to be performed and was discharged without fault on his part, the fact that thereafter he held himself in readiness to perform is tantamount to full performance on his part, leaving nothing to be done on either part save payment of the stipulated wage, and entitles plaintiff to recover on the common counts. Warten Cotton Co. v. McGuire, 206 Ala. 469, 91 So. 308; Holloway v. Talbot, 70 Ala. 389; Snedicor v. Leachman, 10 Ala. 330; Sprague v. Morgan, 7 Ala. 952; Ex parte Towle, 213 Ala. 129, 106 So. 60. In Wilkinson v. Black, 80

Ala. 329, 332, it was said that a tender and readiness to perform is regarded as tantamount to actual performance, and entitles the plaintiff in all proper cases to a recovery of the contract price as the absolute measure of his damages. This conclusion is reached upon consideration of that other principle of law, obtaining in this connection, which requires of a discharged servant that he seek other employment after his dismissal, and by so doing lessen the damages for which the employer is liable. It is permissible for the defendant to show, in order to reduce this prima facie amount of recovery (the stipulated salary) that the plaintiff obtained, or could have obtained, other employment by the exercise of reasonable diligence on his part; and the burden of proving these facts rests on defendant. This is the proper rule, whatever may be the form of action. Morris Mining Co. v. Knox, 96 Ala. 320, 11 So. 207.

 The written contract between the parties contained a provision that the contract was for a year or twelve months. This provision cannot be varied by parol, and the trial court was not in error in refusing parol testimony for that purpose. Further, there being no conflict in the evidence on the point, it was not error for the trial court to charge the jury that the contract was for twelve months. Goff v. Sellers, 215 Ala. 489, 111 So. 210.

Other assignment of error do not warrant special treatment, and we therefore forego further discussion.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.