SIELING & JARVIS CORP. v. NATIONAL BULK CARRIERS, Inc.

No. 262, Docket 21998.

United States Court of Appeals, Second Circuit.

Argued June 7, 1951.

Decided June 26, 1951.

Kirlin, Campbell & Keating, New York City, (Walter X. Connor, Charles N. Fiddler, New York City, of counsel), for plaintiff-appellant.

Bigham, Englar, Jones & Houston, New York City (Charles A. Van Hagen, Jr., Julian S. Gravely, Jr., New York City, of counsel), for defendant-appellee.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appellant, a New York corporation, first sued the appellee, a Delaware corporation, in the District Court for the Southern District of New York to recover brokerage commissions alleged to be due on freight earned by steam tank vessels chartered to a third party, but after issue was joined failed to demand a trial by jury within the time limited by Rule 38(b), Fed.Rules, Civ. Proc. 28 U.S.C.A., and the cause was put on the non-jury trial calendar.

A motion to set the case for trial by jury having been denied, the appellant sued the appellee in the New York Supreme Court, County of New York, for the same commissions, alleging that they were in excess of $3,000. On the petition of appellee, this suit was removed to the District Court for the Southern District of New York and a trial by jury was then duly demanded. Thereupon the appellee moved to dismiss the removed cause of action on the ground that a prior suit between the same parties for the same cause of action was pending in the same court. This appeal is from an order dismissing the suit with costs but without prejudice.

Diversity of citizenship and the amount for which the state suit was brought made the appellee's right to remove absolute under the provisions of 28 U.S.C. § 1441(b). After this removal, there were two suits pending in the same court between the same parties for the same cause of action, i. e., the same commissions, even though it be true that additional damages had accrued between the commencement of the first suit and the bringing of the removed action. Cf. Chapman v. Potomac Chemical Co., 81 U.S.App.D.C. 406, 159 F.2d 459. And so the subsequent suit was properly abated in accordance with the rule which has been well settled ever since Renner & Bussard v. Marshall, 1 Wheat. 215, 14 U.S. 215, 4 L.Ed. 74.

Order affirmed.