Frederick H. McINTOSH and Tawanah C. McIntosh, Appellants,

v.

Norman M. GITOMER and Louis J. Gitomer, Appellees.

No. 1723.

The Municipal Court of Appeals for the District of Columbia.

Argued Dec. 19, 1955.

Decided Feb. 2, 1956.

Richard R. Atkinson, Washington, D. C., with whom E. Lewis Ferrell, Washington, D. C., was on the brief, for appellants.

Milford F. Schwartz, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN Associate Judges.

HOOD, Associate Judge.

For convenience the parties hereto will be referred to as landlord and tenants. The landlord leased to the tenants a business property for a period of four years and seven months, beginning June 1, 1952, at a rental payable in monthly instalments of $85. The landlord sued for rent for the period beginning September 1, 1953, and ending February 28, 1955. The trial court allowed full recovery and the tenants have appealed.

At trial it was shown that on March 2, 1954 the landlord by legal process had evicted the tenants for nonpayment of rent, and the controversy here centers largely around a covenant of the lease which, referring to re-entry by the landlord for nonpayment of rent or breach of any covenant, provided: "And in the event of such re-entry by process of law, the lessees nevertheless, agree to remain answerable for any and all deficiency or loss of rent which the lessors may sustain by such re-entry; and in such case, the lessors reserve full power which is hereby acceded to by the lessees to re-let the premises in whole or in part, as the case may be, or said lessors shall have the right and option to declare this lease terminated upon any breach of the terms hereof, or upon the failure or neglect of the lessees to keep and perform any covenant, contained or agreement herein contained on their part to be kept and performed."

■ Our question is what was the liability of the tenants after their eviction. Ordinarily an eviction and re-entry by the landlord terminates the tenancy and the tenant is liable only for rent accrued at the time of eviction. Any continuing liability must rest on some covenant of the lease. Covenants imposing liability after termination of the lease for breach of condition have generally been upheld,[1] but we have found no case in this jurisdiction dealing with such a covenant.

■■ It has been held in this jurisdiction that a tenant cannot by abandoning leased premises relieve himself from liability for rent.[2] The landlord may allow the premises to remain vacant and hold the tenant for the full rent, or he may re-enter and re-let and hold the tenant for any deficiency in rent.[3] We rule that a covenant in a lease imposing liability on the tenant after eviction for default is valid, but such liability is one for damages and not for rent and is to be measured strictly by the covenant provisions.[4] The covenant in question provided that if the landlord re-entered by process of law for default of the tenants, the tenants would be liable "for any and all deficiency or loss of rent," and authorized the landlord to re-let the premises at the tenants' risk. The landlord, however, sued for full rent and made no showing that he had made efforts to re-let the premises. Having reserved to himself the right to re-let, it was his duty to make reasonable efforts to that end and thereby minimize his damages, for, as we have observed, the tenant was liable only for any deficiency or loss of rent.[5]

1. 52 C.J.S., Landlord and Tenant, § 490; Annotation, 99 A.L.R. 42; Tiffany, Real Property (3rd ed.) § 903.

2. Baskin v. Thomas, 56 App.D.C. 310, 12 F.2d 845; Diatz v. Washington Technical School, D.C.Mun.App., 73 A.2d 227, rehearing denied D.C.Mun.App., 73 A.2d 718, affirmed Sobel v. Diatz, 88 U.S.App. D.C. 329, 189 F.2d 26.

3. Friedman v. Thomas J. Fisher & Co., D.C.Mun.App., 88 A.2d 321, 31 A.L.R. 2d 827.

4. Jacob Ruppert Realty Corp. v. Bank of United States, 156 Misc. 93, 281 N.Y.S. 761, affirmed 249 App.Div. 721, 292 N.Y. S. 997, motion denied 249 App.Div. 803, 293 N.Y.S. 412, affirmed 276 N.Y. 629, 12 N.E.2d 611.

5. International Trust Co. v. Weeks, 203 U.S. 364, 27 S.Ct. 69, 51 L.Ed. 224; Selts Inv. Co. v. Promoters of Federated Nations, 197 Wis. 476, 222 N.W. 812.

■ Furthermore, the action for loss or deficiency of rent was premature because the extent thereof cannot be determined until the end of the term. Perhaps a provision could be drawn so as to make the tenant liable for monthly deficits, but the covenant here in question did not so provide. "The tenant when ejected ceases to be a tenant. What he covenants to pay is the damage, not the rent. To hold him for monthly deficits is to charge him with the obligations of a tenant without any of the privileges. He must pay in the lean months, without recouping in the fat ones. He must do this, though it may turn out in the end that there has been a gain and not a loss. A liability so heavy may not rest upon uncertain inference." Hermitage Co. v. Levine, 248 N.Y. 333, 162 N.E. 97, 98, 59 A.L.R. 1015, 1018. Until the damages are fixed an action therefor does not lie and it was error to allow recovery for "rent" accrued after the eviction.[6]

Another point to be considered relates to a deposit of $170 made by the tenants at the consummation of the lease. With respect to this deposit the lease provided:

"Lessees herewith deposit with lessors the sum of One Hundred and Seventy Dollars ($170.00), the receipt whereof is hereby acknowledged, the same to be held by lessors as security for the full and faithful performance and observance by lessees of all the terms, covenants and conditions herein contained. It is expressly covenanted and agreed that the sum so deposited is not an advance payment of or on account of the rent herein reserved, or any part or instalment thereof, or a measure of lessors' damages; Provided, However, that in the event lessees shall have faithfully observed and performed all the covenants, terms and conditions herein contained for the first four (4) years and five (5) months of the term hereby created, said sum of One Hundred and Seventy Dollars ($170.00) shall be applied by lessors at the rate of Eighty-

five Dollars ($85.00) as rent in advance per month to the payment of the rent reserved hereunder, beginning November 1, 1956 and December 1, 1956. But if at any time during the first four years and five months of the term hereby created any instalment of rent herein stipulated shall be in arrears for a period of ten (10) consecutive days after the time it shall be due and payable, or if lessees fail or neglect to perform or observe any of the covenants, conditions, or agreements herein contained, which on their part are to be kept, performed or observed, then in either of said events lessors may immediately or at any time thereafter, and while such neglect or default continues, and without prejudice to any other rights or remedies available to lessors at law or in equity, or otherwise, notify lessees that lessors elect to declare the lease forfeited because thereof, and in that event lessors shall have the right to draw upon said fund to make good any arrears whatsoever of rent due hereunder and also any and all loss, damage, injury, expense or liability caused by reason of any failure on the part of lessees, to perform on their part any of the conditions, covenants and agreements herein contained, including such loss as lessees may sustain by reason of loss of rent for the balance of the term hereby created."

■ The landlord testified that he had applied the deposit to the rent for the months of November and December 1956, the last two months of the term. This he had no right to do. Such application was proper only in the absence of default, and in case of default the deposit was subject to be applied to any arrearage. It should have been credited against the rent in arrears at the time of eviction.

■ The tenants also claim that the trial court was in error in finding that landlord's attorney in drawing the lease was not act-

---

6. See Slayton v. Jordan, 42 App.D.C. 421, where the damages were made certain by re-letting the premises for the balance of the term at a lower rental.

208

ing also for the tenants. We find no merit in this contention. It seems plain from the record that the attorney was at all times acting for the landlord and made no pretense that he was doing otherwise.

█ Tied up with the foregoing is the tenants' claim that the lease was invalid because there was no mutuality of assent in that the tenants did not fully understand all the provisions of the lease. The tenants were able to read and were afforded an opportunity to read the lease before signing it. They were not denied the right to secure advice from counsel of their own if they wished to do so. There is no claim of fraud and if the tenants did not fully comprehend the legal effect of certain provisions of the instrument they accepted and signed, that is no ground for vitiating the instrument.

Judgment reversed and case remanded with instructions to enter judgment for the landlord for the rent accrued to and including the month of February 1954, less the sum of $170.

Reversed and remanded.