**Thomas H. RYON, Appellant,**

**v.**

**Pablo ORTIZ and Mary Ortiz, Appellees.**

**No. 1959.**

Municipal Court of Appeals for the District of Columbia.

Argued March 18, 1957.

Decided May 21, 1957.

Albert Z. Hodge, Washington, D. C., for appellant.

Robert W. Ewell, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees were hold-over tenants under a one month's lease from appellant. Their rent due on April 15 was not paid and on April 25 appellant brought suit for possession. Two days later appellee husband went to appellant's office, paid rent to April 30 and gave oral notice that he would vacate on April 30. On or before that date the apartment was vacated and the key surrendered to appellant's employee. On May 9 appellant took judgment for possession in the possessory action. Appellant was not able to rerent the premises until after May 31, and he brought this action for the equivalent of one month's rent on the theory that he was entitled to such sum be-

cause the tenants vacated without giving thirty days' written notice. The trial court denied recovery.

We think the trial court was right. When appellant brought his action for possession he asserted his right to possession and sought judgment for possession in order to effect that right. In short, he demanded possession and he cannot complain that the tenants complied with his demand. There is no justifiable reason why a tenant, after demand by his landlord to vacate, should be required to furnish thirty days' written notice of his intent to comply with that demand.

Appellant argues that his possessory action was not a demand for possession, that in actuality he was seeking rent and not possession. Regardless of his purpose in filing suit, the fact is that he brought an action for possession.

Affirmed.