Philip P. KELLER, Appellant,

v.

MARVINS CREDIT, INC., a corporation, Appellee.

Nos. 2270, 2271.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 27, 1958.

Decided Jan. 26, 1959.

---

Sidney M. Goldstein, Washington, D. C., with whom Joseph D. Bulman and Arthur S. Feld, Washington, D. C., were on the brief, for appellant.

Abraham Chaifetz, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was employed by appellee as its general manager for a term of five years commencing May 5, 1954, at a salary which from January 1, 1956, to the end of the term was to be $25,000 per year. On December 13, 1957, appellant was told by appellee that his services were no longer desired, to turn in his keys and to look for other employment. Appellee continued to pay appellant his salary in semi-monthly installments of $1,041.60 until March 31, 1958, and then discontinued payments. On May 15, 1958, appellant sued appellee for $2,083.20, alleged to be installments due and unpaid for the period ended April 30; and on June 9, 1958, appellant sued for a similar sum, alleged to be installments due May 15 and May 31.

To each action appellee filed a motion to dismiss on the ground that the amount in controversy between the parties exceeded the jurisdictional limitation ($3,000) [1] of the trial court and that jurisdiction could not be conferred by splitting the cause of action. The trial court granted the motions, ruling:

> "Plaintiff had one contract and there was one breach, and therefore he has but one cause of action for breach of contract. The contract in question has 12 or more months to run, and has a potential value of approximately $27,-000. The contract is indivisible and the sum in controversy is in excess of the jurisdiction of the Municipal Court. Plaintiff may not break it up and sue for monthly installments due thereunder piecemeal, so as to bring it within the jurisdiction of this Court, instituting some 12 or more successive actions."

We think the trial court was right. "The general rule is that an employee who is discharged in violation of his contract of employment may sue only once and at that time recover all present and prospective damages." Schatte v. International Alliance, etc., 9 Cir., 182 F.2d 158, 164, certiorari denied 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608. Williston, Contracts (rev. ed.), § 1362, quotes with approval the following from Cutter v. Gillette, 163 Mass. 95, 97, 39 N.E. 1010, 1011:

> "The plaintiff's cause of action accrued when he was wrongfully discharged. His suit is not for wages, but for damages for the breach of his contract by the defendant. For this breach he can have but one action."

See also Harrington v. Empire Cream Separator Co., 120 Me. 388, 115 A. 89, 17 A.L.R. 628; Olmstead v. Bach, 78 Md. 132, 27 A. 501, 22 L.R.A. 74; Worth v. Arrow Woven Label Co., Sup.App.T., 21 N.Y.S. 2d 617; Corbin on Contracts § 1095.

1. Code 1951, § 11–755.

There are authorities to the contrary,[2] but our jurisdiction follows the majority rule. In Chapman v. Potomac Chemical Co., 81 U.S.App.D.C. 406, 407, 159 F.2d 459, 460, it was said:

"Appellant had only one contract of employment. Appellee broke it only once, by discharging him. Appellant was entitled to recover in one suit all the damages which had resulted or would afterwards result from his discharge."

Whether appellant's discharge occurred in December 1957 when his services were terminated and he was told to look for other employment, or in April 1958 when appellee ceased paying him, is for present purposes immaterial. When he filed his actions he was no longer rendering services and no longer being paid. His right of action was one for damages for breach of contract and not for wages. Appellant relies upon Le John Mfg. Co. v. Webb, D.C.Mun.App., 91 A.2d 332, 335, wherein the statement is made that "failure to pay each installment as it falls due gives rise to a separate cause of action." That language is inapplicable here for the reason, as we have pointed out, that after appellant's discharge no installment of wages became due.

Affirmed.

2. For example, see Alabama Credit Corp. v. Higgins, 251 Ala. 17, 36 So.2d 227; Moore v. Illinois Central R. Co., 5 Cir., 136 F.2d 412, certiorari denied 320 U.S. 771, 64 S.Ct. 84, 88 L.Ed. 461, applying the law of Mississippi.