William COHEN, Rosalie Cohen, Charles Cohen and Freda Cohen, Appellants,

v.

FOOD TOWN, INC., a corporation, and Kroger Co., Inc., a corporation, Appellees.

No. 3584.

District of Columbia Court of Appeals.

Argued Nov. 9, 1964.

Decided Feb. 19, 1965.

Louis Ginberg, Washington, D. C., for appellants.

John D. Hawke, Jr., Washington, D. C., with whom Abe Krash, Washington, D. C., was on the brief, for appellees. Norman Diamond, Washington, D. C., entered an appearance for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellants are the landlords and appellees the tenants under a lease for years of a warehouse. After a dispute between the parties concerning the tenants' claim that the landlords had neglected their covenant to keep the roof and exterior walls in repair, the tenants on March 19, 1964, in writing advised the landlords that they had vacated the premises, adding: "We hereby cancel the lease by reason of untenantability." The landlords refused to accept possession and notified the tenants they would be held responsible for the rent as provided in the lease. On May 26, 1964, the landlords brought this action for $2,416.66, representing the two monthly installments of rent due April 1 and May 1.

The tenants moved to dismiss the action on the ground that the amount in controversy exceeded the trial court's jurisdictional limitation of $10,000. The tenants' argument in the trial court, and here, is that at the time they "cancelled" the lease there were thirty-six months remaining in the lease term, and that their liability, if any, necessarily exceeded $10,000. They argue that their repudiation of the lease constituted a total breach, giving rise immediately to liability for damages for breach of the entire contract. The trial court apparently agreed with the tenants, for it granted the motion to dismiss, stating the action had been "prematurely filed."

We think it was error to dismiss the action. When the tenants abandoned the premises and repudiated their obligations under the lease, the landlords had a choice of actions. They could accept the abandonment and thereby terminate the lease; they could, without acquiescing in the abandonment, re-enter and relet and hold the tenants for any deficiency in rent; or they could refuse to re-enter, allow the premises to remain vacant, and hold the tenants for the full rent. The landlords

chose this last course of action, and the choice was theirs to make. The tenants could not by abandoning the premises re-lease themselves from liability for rent.[1] Assuming that the landlords could have treated the action of the tenants as a total breach of the lease and could have sued for damages for such breach, they were not compelled to do so.

The tenants rely heavily on Keller v. Marvins Credit, Inc., D.C.Mun.App., 147 A.2d 872 (1959). There we held that an employee, upon a wrongful discharge, could not sue for installments of wages, holding that he was limited to one action for dam-ages for breach of his contract. That case is not applicable here. A lease is not an ordinary bilateral contract.[2] It is primarily a conveyance of an estate for years in real estate, and, as we have said, the landlord has the right to sue for each installment of rent as it becomes due.

■ The tenants also argued that if they are forced to defend a suit for two months' rent, they will be required to raise all their defenses under the lease, that the issues decided in this action will be conclusive in any future action for rent, and that in a very practical sense this action, if allowed to proceed, will adjudicate a liability far in excess of the trial court's jurisdiction. The answer to this argument is that the juris-diction of the court depends upon the amount directly in dispute, and that the collateral effect of a judgment is not the test of jurisdiction.[3]

Reversed.

---

1. McIntosh v. Gitomer, D.C.Mun.App., 120 A.2d 205 (1956). The ultimate hold-ing in McIntosh that the action was pre-maturely brought has no application here. In McIntosh the landlord had evicted the tenant and his claim rested on the re-en-try clause of the lease.

2. Williston on Contracts (Third Edition) § 890.

3. Town of Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249 (1883); Equitable Life Assur. Soc. of the United States v. Wilson, 81 F.2d 657 (9th Cir. 1936); Wright v. Mutual Life Ins. Co. of New York, 19 F.2d 117 (5th Cir. 1927), aff'd 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726.