Lowell R. SATIN, Appellant,

v.

James M. BUCKLEY, Appellee.

No. 4208.

District of Columbia Court of Appeals.

Argued May 6, 1968.

Decided Oct. 24, 1968.

2. Bunter v. United States, D.C.App., 245 A.2d 839 (decided September 23, 1968).

Harvey B. Bolton, Jr., Washington, D. C., with whom Robert B. Norris, Washington, D. C., was on the brief, for appellant.

George E. C. Hayes, Washington, D. C., for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

A tenant here appeals from a money judgment of $550.16 awarded the landlord in the Landlord & Tenant Branch of the trial court.

The parties entered into a lease agreement of certain premises in the District of Columbia for the term of one year, commencing on September 22, 1965, and ending on September 21, 1966. Rent was payable in advance, without demand, in monthly installments of $300 on the twenty-second day of each month during the term. Added to the lease by the tenant, and agreed to by the landlord, was a now disputed clause providing that

2. It is further agreed that the Lessee is a member of the Peace Corps and as subject to transfer; in the event of such transfer from the city Lessee shall be released from the agreement by delivering to Lessor written orders of said transfer along with a 30 day notice of intent to vacate aforementioned premises.

The landlord filed a complaint for possession on July 27, 1966, and claimed therein, somewhat inartfully, that he sought possession by reason of the following:

Plaintiff & defendant entered into a Lease of the premises 415 A Street, S. E., dated 9/16/65 & commencing on 9/22/65 & ending 9/21/66, at a monthly rental of $300.00. The Lease created a breach entitling Lessor to repossess property if rent were not paid within a 5 da. period from due date. The Lease provided further for allowance of breach by Lessee if transfer of Lessee's services in the Peace Corps required change of location. No such contingency has occurred. The 5 da. period has passed. Lessee has announced to the plaintiff and has publicized his intention to go abroad within the next few days. Plaintiff claims possession of the property and a Judgment in the amount of Six Hundred ($600.00) Dollars, said Judgment to be credited with any such amount as plaintiff may receive as rent of the premises if able to rent same within the Lease period.

On September 28, 1966, after several continuances, the tenant counterclaimed for

the return of $150 deposited with the landlord as security, to which the landlord replied with the claim that the rent, as well as certain items of damage amounting to $100.16, were deductible against this deposit. After a trial held on October 18, 1966, the court made its finding for the landlord in the sum of $550.16 consisting of two months' rent at $300 per month, less the security deposit of $150.00, plus the items of damage for which the landlord asked reimbursement. A judgment of possession was not entered, presumably because by this time the lease period had expired and the tenant had long since vacated the premises.

According to the approved statement of proceedings and evidence[1] the landlord's testimony was that on or about May 26, 1966 he was informed in writing that the tenant had been posted to India. He thereupon requested the tenant to comply with the terms of the lease by delivering to him a copy of written orders of transfer together with the requisite 30-day notice to vacate. The tenant replied by letter of July 5, 1966, enclosing travel orders to Kalamazoo, Michigan, for "Completion of Peace Corps Assignment", along with notice of the tenant's intention to vacate in thirty days. The landlord again addressed a letter to the tenant objecting to what he considered a failure to comply with the terms of the lease because he had learned the tenant was going to India not with the Peace Corps but with A.I.D., a totally different government agency. Meanwhile, during much of the month of July he continuously urged the tenant to remain in the premises. The tenant nevertheless vacated the premises on July 29, 1966, two days after service of the instant complaint for possession and for rent in arrears, without having paid the installment of rent due

July 22. The tenant was out of the country at the time of trial and did not testify.

■■■ The primary issue of this appeal is whether there was a valid termination of the lease by the tenant under the Peace Corps clause. We hold that there was not. The clause, which was typed on the back of the lease, was obviously negotiated by the tenant because of the possibility that in his employment he might be subject to transfer before the expiration of the lease term. It should not be interpreted, however, to include a transfer from the city resulting from the acceptance of a new job with a different agency, and in our opinion travel orders to another city for the purpose of completing the tenant's assignment in the Peace Corps was not such a transfer as was contemplated by the parties at the time the lease was signed.[2] Any fair reading of the clause shows that its purpose was to meet the contingency of a transfer occasioned only by reason of the tenant's employment in the Peace Corps. It was neither meant to be, nor could it be used by the tenant as a means of terminating the lease agreement simply because he sought and secured a job abroad with another government agency.

■■ While the tenancy did not terminate with the tenant's abortive attempt to invoke the Peace Corps clause, we nevertheless hold that it did end when the tenant moved from the premises after the landlord filed suit for possession, and in ordinary circumstances all obligations under the lease would also have ceased at that time. Ryon v. Ortiz, D.C.Mun.App., 131 A.2d 925 (1957). However, the lease contained a re-entry clause which not only permitted the landlord to re-enter and recover possession of the property, but also provided that he could re-let the premises for the benefit of the tenant who had agreed in

1. The statement was not objected to by appellee; however, in his brief appellee says the statement is incomplete and he supplements it with additional facts not of record. This is improper and we do not

consider these facts in arriving at our decision.

2. There is no evidence that the tenant actually went to Kalamazoo, Michigan, before leaving the country.

the lease to remain liable for all damages, deficiency or loss of rent sustained by the landlord. Thus, the tenant remained liable in damages after termination of lease and the landlord was required to make a reasonable effort to re-let the property for his benefit. McIntosh v. Gitomer, D.C.Mun. App., 120 A.2d 205 (1956). What efforts were made in this case to re-rent the premises before the end of the lease term, and whether such efforts were reasonable, were questions of fact for the court. On this record we are unable to say that the court's findings were clearly erroneous.

For the first time on appeal the tenant claims the demand for rent was premature. In McIntosh v. Gitomer, supra,[3] we held that any action for loss or deficiency of rent under a similar lease provision before the expiration of the lease term would normally be "premature because the extent thereof cannot be determined until the end of the term." When suit was filed in this case the lease term had two more months to run. The July rent had then accrued and had not been paid, and by the time of trial the rent due August 22 for the final month of the term had accrued and remained unpaid. Furthermore, it was clear at trial that damages had not been reduced by re-renting. Under these circumstances, where the amount of alleged damages was fixed and certain,[4] and where the issue was tried to the court without objection, we do not think the action should have been dismissed as premature.

The tenant also argues that it was error for the court to consider the alleged repairs to personalty on the leased premises since this claim was not, and could not have been included in the original complaint. But inasmuch as this issue of damages was raised by way of defense to the tenant's counterclaim, it was properly before the court. George Y. Worthington & Son Management Corp. v. Levy, D.C.App., 204 A.2d 334 (1964). Other points raised

regarding these items of damage concern factual determinations of the court which were adverse to the tenant. We have considered them all and hold that the evidence, properly admitted, suffices to support the court's findings. Accordingly, the judgment is

Affirmed.

3. 120 A.2d at 207.

4. Cf. Slayton v. Jordan, 42 App.D.C. 421 (1914).