Alvin P. OSTROW, Appellant,

v.

Gilbert SMULKIN, et al., Executors of the Estate of Phil Bobys, Appellees.

No. 4357.

District of Columbia Court of Appeals.

Argued Oct. 28, 1968.

Decided Jan. 28, 1969.

Charles J. Pilzer, Washington, D. C., with whom George J. Hughes, Washington, D. C., was on the brief, for appellant.

Seymour Friedman, Washington, D. C., with whom H. Max Ammerman, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and MYERS and KERN, Associate Judges.

HOOD, Chief Judge.

This appeal is from a judgment for rent against appellant who, with four other persons and a corporation (hereafter called the tenants), leased an apartment building for a term of twenty years from appellees' testator (hereafter called the landlord). The tenants did not lease the building for occupancy by themselves but for the purpose of subleasing the apartments to others as a commercial venture. After managing the property for about three years with apparently limited success, the tenants in 1963 engaged the Davis Company, a real estate company, to handle management and rental of the building. Operation of the building under the Davis management also appears not to have been completely successful because the tenants became delinquent in payment of rent. As a result, the landlord brought an action for possession because of nonpayment of rent allegedly in the amount of $3250. The tenants did not answer and judgment for possession by default was entered on July 13, 1965.

The tenants, apparently satisfied with what they considered the termination of their unprofitable lease, notified the Davis Company that they no longer had any interest in the building and thereafter they received no checks from the Davis Company and had no "dealings with the property."

Three months after obtaining judgment for possession, the landlord brought this action against Ostrow, one of the tenants, for $5850, alleged to be due as rent for the period of February 1, 1965 to October 30, 1965. After trial, the court awarded the landlord judgment for the full amount claimed.

Ostrow asserts that the judgment was erroneous in that it allowed recovery for rent beyond August 13, the date judgment for possession was entered. His contention is that when the judgment for possession was entered and in compliance therewith the tenants gave up possession, the tenancy was terminated and their liability to pay future rent ended. For reasons hereafter stated, we agree.

■ There are two basic incidents to a tenancy: the right to possession by the tenant and the corresponding right to rent by the landlord. If the landlord retakes possession by legal process or by accepting a voluntary surrender of possession by the tenant, the obligation of the tenant to pay future rent ceases.[1] Of course, a tenant cannot escape his obligation to pay rent by a mere tender of possession to the landlord or by abandonment of possession. Unless a landlord accepts a tender or reenters after abandonment, the tenant's obligation to pay rent continues.[2] And, depending upon the circumstances and contractual provisions of the lease, the tenant may be liable for damages even after the landlord has retaken possession, but this liability is for damages for breach of contract and not for rent.[3]

■ Here the landlord filed an action for, and obtained judgment for, possession.[4]

1. McIntosh v. Gitomer, D.C.Mun.App., 120 A.2d 205 (1956).

2. Friedman v Thomas J. Fisher & Co., D.C. Mun.App., 88 A.2d 321, 31 A.L.R.2d 827 (1952) ; Cohen v. Food Town Inc., D.C App., 207 A.2d 122 (1965).

3. McIntosh v. Gitomer, note 1, supra.

4. Some point is made by the landlord that his judgment was conditioned on filing an affidavit under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C.A. App. §§ 501 et seq., but we think that is immaterial here.

It is true the landlord made no attempt to enforce his judgment by eviction process, but when a landlord by judicial proceeding asserts his right to possession, he is in no position to say that the tenant has no right to surrender possession.[5] When the tenants received notice of the landlord's action for possession, did not oppose it, let judgment go by default, and then notified Davis Company, the managing agent, that they no longer had any interest in the property, we think as a matter of law there was a surrender of possession in compliance with the landlord's demand, and this constituted a termination of the lease and the tenants were not liable for rent thereafter.

■ As the lease was terminated by the surrender and not by the commencement of the action or the entry of the judgment, and the record before us does not show the exact date of the surrender, the judgment must be reversed with instructions to determine the date of surrender and the amount of rent due at that date, and to enter judgment for the landlord for such amount.[6]

Reversed with instructions.

5. Satin v. Buckley, D.C.App., 246 A.2d 778 (1968) ; Ryon v. Ortiz, D.C.Mun.App., 131 A.2d 925 (1957).

6. Ostrow's contention that the action should have been dismissed for want of indispensable parties, namely, the other tenants, is without merit. The tenants were jointly liable for the rent and could be sued either jointly or separately. D.C.Code, 1967, § 16–2101. See Welch v. Sherwin, 112 U.S.App.D.C. 124, 300 F.2d 716 (1962).